Receipt 2003619

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| **JAMES NEWMAN,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CAUSE NO: 2:12-cv-_____** |
| | ) |
| **GAGAN LLC, THINK TANK SOFTWARE** | ) |
| **DEVELOPMENT CORP., DIRECTBUY, INC.,** | ) |
| **UNITED CONSUMERS CLUB INCORPORATED,** | ) |
| **LAURIE GAGAN, in her individual capacity, and** | ) |
| **JAMES GAGAN, JR., in his individual capacity,** | ) |
| **Defendants.** | ) |

-FILED-

JUN 2 9 2012

At_____M
ROBERT N. TRGOVICH, Clerk
U.S DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, James Newman, by counsel, Jeffrey S. Wrage of the law firm BLACHLY, TABOR, BOZIK & HARTMAN LLC, and for Plaintiff's Complaint against Defendants, states to the Court as follows:

### JURISDICTION

1.     During all times relevant to Plaintiff's Complaint, Plaintiff, James Newman ("Newman"), is a citizen of a Foreign Country, domiciled in Chesterton, Porter County, Indiana; and working within the United States.

2.     During all times relevant to Plaintiff's Complaint, Defendant, Gagan LLC ("Gagan"), is a limited liability company licensed to do business in the State of Indiana, and does business in Merrillville, county of Lake, state of Indiana.

3.     During all times relevant to Plaintiff's Complaint, Defendant, Think Tank Software Development Corp ("ThinkTank"), is a for-profit corporation registered and licensed to do business in the State of Indiana, and does business in Merrillville, county of Lake, state of Indiana.

4.      During all times relevant to Plaintiff's Complaint, Defendant, United Consumers Club Incorporated ("UCC"), is a for-profit corporation licensed to do business in the State of Indiana, and does business at 8450 Broadway, in Merrillville, county of Lake, state of Indiana.

5.      During all times relevant to Plaintiff's Complaint, UCC is the parent company of DirectBuy, Inc ("DirectBuy"). UCC exercises extensive control over DirectBuy's operations and personnel decisions and, in effect the two corporations are one.

6.      Defendant, DirectBuy, is a franchisor whose franchises operate "buying clubs" that permit members to purchase merchandise directly from manufacturers at reduced prices. DirectBuy's corporate headquarters is located at 8450 Broadway, Merrillville, Indiana, 46410.

7.      During all times relevant to Plaintiff's Complaint, Defendant Laurie Gagan was employed at ThinkTank and DirectBuy. Laurie Gagan was a primary decisionmaker concerning Newman and/or had some responsibility for the violations outlined in this Complaint. Laurie Gagan is individually named as a Defendant. Newman does not bring any claims pursuant to Counts I or III against this individually-named Defendant.

8.      During all times relevant to Plaintiff's Complaint, Defendant James Gagan Jr., owned and/or operated Gagan. James Gagan Jr. was a primary decisionmaker concerning Newman and/or had some responsibility for the violations outlined in this Complaint. James Gagan Jr., is individually named as a Defendant. Newman does not bring any claims pursuant to Counts I or III against this individually-named Defendant.

9.      This Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441. The matter at controversy involves a federal question of law.

## FACTUAL BACKGROUND

10.    Newman entered into an employment agreement (the "Agreement") with Gagan and ThinkTank during May 2010.[1] (Ex.A) Prior to entering into the Agreement, Newman worked as an independent contractor for Gagan/ThinkTank. Pursuant to the Agreement, Newman could not engage in any other employment, and Newman shut down operation of his private business to comply with the Agreement.

11.    Communications with Laurie Gagan and/or James Gagan Jr., induced Newman into accepting the position of Accounting Business Analyst for the ThinkTank/DirectBuy Defendants. Communications with Laurie Gagan and/or James Gagan Jr., made Newman believe he would hold the position of Accounting Business Analyst for a minimum of two years, and would be groomed to replace Gene Deutsch as Chief Financial Officer.

12.    Newman worked as an Accounting Business Analyst for Defendants, Gagan, ThinkTank, UCC and DirectBuy. [2] (Ex.B)  Jim Gagan Jr., issued a statement to Gagan, ThinkTank and DirectBuy that Newman's job description is for provision of "accounting functions" and "analyst duties" for Defendants. (Ex.B)

13.    Newman performed in accordance with the Agreement between the parties. Newman received consideration from Gagan/ThinkTank in accordance with the Agreement between the parties.

14.    Newman also performed some human resource duties for Gagan/ThinkTank.

15.    Newman worked in an office setting with Jennifer Jimenez, a female with less education and experience than Newman.

---

[1] Employment Agreement between James Newman and ThinkTank & Gagan dated May 10, 2010 is attached as Exhibit A, and incorporated by reference.

[2] May 12, 2010, email regarding hire of James Newman is attached as Exhibit B, and incorporated by reference.

3

16.   When hired, Newman's immediate supervisors were Laurie Gagan and James Gagan Jr.  During times relevant to Plaintiff's Complaint, Laurie Gagan was an employee of DirectBuy and ThinkTank.[3] (Ex.C)

17.   Newman was being groomed as Gene Deutsch's replacement as Chief Financial Officer of the business entities commonly referred to as the Gagan Family of Companies. Newman intended to work for Defendants until he retired, around the age of 65-years.

18.   During times relevant to Plaintiff's Complaint, Newman is a qualified individual with a disability, has a record of impairment and/or Defendants perceived Newman to be disabled.

19.   During times relevant to Plaintiff's Complaint, Newman took several prescribed medications. Without his medication, Newman is substantially limited in activities that are of central importance to his daily life.

20.   Around January 14, 2011, Newman suffered a serious physical injury at work. Prior to his injury, Defendants had no issues with Newman's job performance or attendance, and Defendants did not try to control and administer the medications Newman required for his disability and/or perceived disability.

21.   Prior and subsequent to being given medical restrictions by Newman's doctor, Defendants had Newman login remotely and perform work while the work comp carrier (CNA) thought Newman was on leave.

22.   Newman's treating physician released him to return to work with given medical restrictions effective April 18, 2011. Newman was released to work 8 hours/day and 40 hours/week. Newman was required to use crutches and bear weight on his leg

---

[3] May 18, 2010, email from Laurie Gagan is attached as Exhibit C, and incorporated herein by reference.

4

as tolerated. Additionally, Newman was restricted to not lift over 10 pounds, sedentary duties only, no operating machinery, get up and move as needed, and work in a non-cluttered environment.

23.     Newman requested accommodation of his given medical restrictions from Defendants.

24.     Newman requested use of a handicapped parking space from Defendants because Newman was issued a placard by the Indiana Department of Motor Vehicles.

25.     A meeting was scheduled for Newman with Laurie Gagan and Jim Gagan Jr., around April 18, 2011, to discuss Newman returning to work to perform his accounting duties for Defendants. Newman believed he could perform his accounting business analysis and human resources job duties with or without accommodation.

26.     Around April 15, 2011, Defendants learned Newman hired legal counsel. After learning that Newman had hired legal counsel, the April 18th meeting concerning his return to work was cancelled.

27.     Defendants refused to accommodate Newman's given medical restrictions. Defendants told Newman that his restrictions needed to change or he should be without restriction to return to work.

28.     Around June 8, 2011, Newman was informed that Gagan/ThinkTank decided to eliminate his position of accounting business analyst.

29.     Gagan/ThinkTank informed Newman that he would remain on a leave of absence and would be considered for future openings once Newman was "fully released to return to work" by his doctor.

30.     Jennifer Jimenez was retained for Newman's position of accounting business analyst for Defendants. Jimenez contacted Newman for assistance performing her additional job duties for Defendants.

31.     Around June 10, 2011, Newman was released to return to work without restrictions as to lifting and sedentary work. Newman was to use a cane and continue prescription medication for pain.

32.     Also around June 10th, Gagan informed its insurance provider (CNA) that it had an immediate job opening for Newman. Based on Gagan's representations to CNA, Newman's TTD benefits ended on June 10, 2011. Newman was not immediately returned to work by Defendants.

33.     Around June 16, 2011, Laurie Gagan informed Newman that James Gagan Jr., was working on a letter offering Newman a newly created position. Laurie Gagan also suggested Newman should consider being a stay-at-home dad rather than return to work.

34.     Around June 17, 2011, Newman received a letter offering him the position of Assistant Marketing Room Manager. The position of Assistant Marketing Room Manager had been in existence since at least January 2011, and was not a newly created position. Defendants offered Newman the position at a decreased rate of pay.

35.     Newman accepted the position offered and returned to work around June 21, 2011. When Newman returned to work, Laurie Gagan wanted to take possession of his prescription medications and administer them to Newman. Newman refused, and Defendants caused Newman to work without taking prescribed medications related to his impairment and/or perceived disability during his working hours.

6

36.     Defendants refused Newman the use of a handicapped parking space, which Newman requested. Defendants had no handicapped parking spaces in the lot Newman was instructed to park.

37.     Don Sone ("Sone") held the position of Marketing Room Manager and had direct supervisory authority over Newman and other marketing room staff. Upon information and belief, Sone is employed by DirectBuy and UCC. Sone used Gagan's workplace, equipment, supplies and staff to perform his job functions at DirectBuy and UCC. Upon information and belief, Gagan directed the performance of Sone's work and controlled his work schedules. Sone directed Newman's work.

38.     After returning to work, Newman was not given any managerial duties associated with the position of Assistant Marketing Room Manager, but performed work of a telemarketer, offering citizens DirectBuy memberships that allowed for purchase of merchandise directly from manufacturers at reduced prices through DirectBuy.

39.     Newman was isolated from his coworkers in the marketing department. Newman was segregated to a separate office where he was routinely monitored by Laurie Gagan and/or James Gagan Jr.

40.     Upon information and belief, Ed Broadaway held the same title of Assistant Marketing Manager as Newman did.

41.     Newman received only one day of training for DirectBuy's solicitation calls. Upon information and belief, marketing employees were supposed to receive about one week of training.

42.     Newman performing his telemarketing job duties in a satisfactory manner.

43.     Around June 27, 2011, Newman asked for time off work from the Defendants

for two doctors' appointments. One doctor's appointment concerned Newman's known impairment. The other doctor's appointment was for Newman's work injury.

44.    Also around June 27, 2011, Newman asked for future FMLA leave related to the birth of his unborn child from the Defendants. At the time Newman asked for future FMLA leave, Newman had been employed by Gagan for more than one year and had worked more than 1250 hours during the previous 12 months.

45.    Less than a week after Newman returned to work for the Defendants, Defendants prepared multiple written disciplinary actions for Newman with which Newman disagreed.

46.    Around June 28, 2011, Newman was terminated by Defendants.

47.    Newman was allegedly terminated for violating rules that allow marketing room staff to be sent home when any rule is broken.[4] (Ex.D)

48.    Around December 30, 2011, Defendants advertised with careerbuilder.com for a full charge bookkeeper to perform work for the "Gagan Family of Companies".[5] (Ex.D) During December 2011, the Gagan Family of Companies consisted of Gagan, DirectBuy, Think Tank and Banshee Holding. (Ex.E)

## Verification

I hereby swear or affirm, under the penalty and pains of perjury, that the above fact representations of in paragraphs 10 through 48 are true and accurate.

_____
JAMES NEWMAN

---

[4] Marketing Room "Rules" is attached hereto as Exhibit D, and is incorporated by reference.
[5] Printout from careerbuilder.com post date 12/30/2011 is attached hereto as Exhibit E, and is incorporated by reference.

8

49.     Defendants, Gagan, ThinkTank, UCC and DirectBuy (hereinafter collectively "ThinkTank/DirectBuy    Defendants    Defendants")    share    common    management, interrelation among/between their operations, centralized control of their human resources/benefits, and a degree of common ownership and control.

50.     During    times    relevant    to    Plaintiff's    Complaint,    ThinkTank/DirectBuy Defendants were set up and structured to avoid liability under labor or other laws.

51.     During    times    relevant    to    Plaintiff's    Complaint,    ThinkTank/DirectBuy Defendants comprise a single employer or an integrated employer and should be held liable under the single employer theory.

52.     Newman filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") around August 15, 2011 against Defendants, Gagan and ThinkTank.[6] (Ex.F)

53.     Newman amended his EEOC Charge around October 26, 2011, to include Defendant, UCC.[7] (Ex.G)

54.     On April 30, 2012, Newman received Notices of Right to Sue from the EEOC advising of the 90-days to file a Complaint against Gagan, ThinkTank and UCC.[8] (Exs.H,I&J)

## COUNT I
## AMERICANS WITH DISABILITIES ACT, AS AMENDED
### (Discrimination/Retaliation)

Comes now the Plaintiff, by counsel, BLACHLY TABOR BOZIK & HARTMAN, LLC, and hereby incorporates the foregoing paragraphs of Plaintiff's Complaint, and states as

---

[6] Newman's EEOC Charge is attached hereto as Exhibit F, and is incorporated by reference.

[7] Newman's Amended EEOC Charge is attached hereto as Exhibit G, and is incorporated by reference.

[8] Newman's Notice of Right to Sue Gagan LLC d/b/a DirectBuy is attached as Exhibit H, and incorporated herein by reference. Newman's Notice of Right to Sue Gagan/ThinkTank is attached as Exhibit I, and incorporated herein by reference. Newman's Notice of Right to Sue UCC is attached as Exhibit J, and incorporated by reference.

follows:

55.     Plaintiff incorporates by reference all paragraphs of the Factual Background section as though fully set forth herein.

56.     Count I of Plaintiff's Complaint must be evaluated under the Americans with Disabilities Act, 42 U.S.C. §§ 12112, et seq., as amended ("ADAAA") that went into effect on January 1, 2009.

57.     Newman does not bring any claims pursuant to the ADAAA against the individually-named Defendants.

58.     During times relevant to Plaintiff's Complaint, Gagan, ThinkTank, DirectBuy and UCC are employers as that term is defined by the ADAAA.

59.     Newman was a competent and loyal employee who performed his work in a satisfactory manner, and met ThinkTank/DirectBuy Defendants' legitimate job expectations of him prior to Newman's work injury around January 14, 2011.

60.     Newman is a qualified individual with a disability due to Newman having a record of impairment and/or being substantially limited in one or more daily life activities.

61.     Newman complains of ThinkTank/DirectBuy Defendants not allowing him to work as an Accounting Business Analyst with accommodation, after being released to return to work with restrictions around April 18, 2011, in violation of the ADAAA.

62.     Newman believed he could work as an Accounting Business Analyst at ThinkTank/DirectBuy Defendants with accommodation. Gagan/ThinkTank cancelled the meeting scheduled to discuss Newman's return to work.

63.     ThinkTank/DirectBuy Defendants made no effort to provide Newman with accommodated work. ThinkTank/DirectBuy Defendants did not interact with Newman to

accommodate Newman's given medical restrictions.

64.    Upon information and belief, non-disabled female (Jennifer Jimenez) was allowed to perform accounting work for ThinkTank/DirectBuy Defendants and was treated more favorably than Newman.

65.    Upon information and belief, ThinkTank/DirectBuy Defendants require employees to be completely healed or to have no restrictions before considering them for work.

66.    Newman complains of ThinkTank/DirectBuy Defendants discriminating and/or retaliating against him after Newman sought accommodated work, in violation of the ADAAA.

67.    Newman further complains of ThinkTank/DirectBuy Defendants' discriminating and/or retaliating against him after they returned Newman to work around June 21, 2011, in violation of the ADAAA.

68.    Newman was forced into an undesirable assignment at ThinkTank/DirectBuy Defendants that prevented Newman from using his accounting skills and training, and which caused Newman a loss of compensation, a less distinguished title, diminished material responsibilities, reduction of his career prospects, and subjection to a humiliating and degrading workplace environment.

69.    ThinkTank/DirectBuy Defendants failed to provide adequate training to Newman for the marketing room staff position they assigned to Newman because the offer of continued employment at ThinkTank/DirectBuy Defendants was not made in good faith.

70.     Newman's preclusion of job training for the marketing room staff position resulted in his termination from ThinkTank/DirectBuy Defendants.

71.     Less than one week from Newman returning to work for ThinkTank/DirectBuy Defendants, Newman was terminated for allegedly violating rules that when violated can cause marketing room staff to be sent home.

72.     Upon information and belief, the alleged reasons for Newman's termination are pretextual.

73.     Upon information and belief, ThinkTank/DirectBuy Defendants treated non-disabled marketing room staff more favorably than Newman.

74.     During times relevant to Plaintiff's Complaint, ThinkTank/DirectBuy Defendants by their agents, servants, supervisors, administrators, human resources and/or employees (including without limitation Don Sone, Laurie Gagan and James Gagan Jr.) regarded Newman as having an impairment that substantially limits one or more major life activities. ThinkTank/DirectBuy Defendants by their agents, servants, supervisors, administrators, human resources and/or employees (including without limitation Don Sone, Laurie Gagan and James Gagan Jr.) regarded Newman as a qualified individual with a disability pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12112, et seq., as amended by the ADAAA. Newman received disparate treatment from ThinkTank/DirectBuy Defendants by their agents, servants, supervisors, administrators, human resources and/or employees (including without limitation Don Sone, Laurie Gagan and James Gagan Jr.) because Newman was regarded as disabled.

75.    During   the   course   and   scope   of   Newman's   employment   at ThinkTank/DirectBuy Defendants, ThinkTank/DirectBuy Defendants by their agents, servants, supervisors, administrators, human resources and/or employees (including without limitation Don Sone, Laurie Gagan and James Gagan Jr.) acting within the course and scope of their employment, demonstrated a continuous, repetitious, cycle and pattern of discrimination and retaliation against Newman based on his qualified disability, record of impairment and/or perception of Newman as being substantially limited in one or more major life activities, which ThinkTank/DirectBuy Defendants condoned and ratified, took no action to stop, and performed willfully or wantonly against Newman, while ThinkTank/DirectBuy Defendants were aware or should have been aware of such misconduct by and through its by their agents, servants, supervisors, administrators, human resources and/or employees (including without limitation Don Sone, Laurie Gagan and James Gagan Jr.) in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12112, et seq., and other sections of the same Statute, as amended by the ADAAA. Said discrimination by ThinkTank/DirectBuy Defendants and their agents, servants, supervisors, administrators, human resources and/or employees (including without limitation Don Sone, Laurie Gagan and James Gagan Jr.) was willful, wanton, malicious, intentional and oppressive.

76.    ThinkTank/DirectBuy Defendants by their agents, servants, supervisors, administrators, human resources and/or employees (including without limitation Don Sone, Laurie Gagan and James Gagan Jr.) treated coworkers of Newman who are not disabled, or whom they did not regard as disabled more favorably than Newman, which ThinkTank/DirectBuy Defendants condoned and ratified, took no action to stop, and

performed willfully or wantonly against Newman, while ThinkTank/DirectBuy Defendants were aware or should have been aware of Newman's disparate treatment by and through their agents, servants, supervisors, administrators, human resources and/or employees (including without limitation Don Sone, Laurie Gagan and James Gagan Jr.), in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12112, et seq., and other sections of the same Statute, as amended by the ADAAA.

77.   During   the   course   and   scope   of   Newman's   employment   at ThinkTank/DirectBuy Defendants, ThinkTank/DirectBuy Defendants by their agents, servants, supervisors, administrators, human resources and/or employees (including without limitation Don Sone, Laurie Gagan and James Gagan Jr.) acting within the course and scope of their employment, terminated and/or retaliated against Newman for having exercised his statutorily protected rights, requesting accommodated work, and/or expressing that he intended to hire legal counsel and/or exercise his statutorily protected rights, which Newman was lawfully entitled to do, which retaliation ThinkTank/DirectBuy Defendants by their agents, servants, supervisors, administrators, human resources and/or employees (including without limitation Don Sone, Laurie Gagan and James Gagan Jr.) condoned and ratified, took no action to stop, and performed willfully and wantonly against Newman while ThinkTank/DirectBuy Defendants were aware or should have been aware of such conduct. Upon information and belief, there is a causal link between Newman's statutorily protected expressions and ThinkTank/DirectBuy Defendants' failure to accommodate, set up for failure and termination of Newman. ThinkTank/DirectBuy Defendants would not have done so if not for Newman's engagement in a protected activity. Said retaliation by ThinkTank/

DirectBuy Defendants and their agents, servants, supervisors, administrators, human resources and/or employees (including without limitation Don Sone, Laurie Gagan and James Gagan Jr.), was willful, wanton, malicious, intentional and oppressive.

78.    Newman has suffered and continues to suffer substantial losses and earnings, job experience and employment benefits (including without limitation affordable healthcare and dental insurance and profit sharing) that Newman rightfully would have received absent discrimination/retaliation by ThinkTank/DirectBuy Defendants and their agents, servants, supervisors, administrators, human resources and/or employees (including without limitation Don Sone, Laurie Gagan and James Gagan Jr.) acting within the course and scope of their employment.

79.    Newman has incurred costs and expenses to file this action against ThinkTank/DirectBuy Defendants to protect the statutory rights of Newman with respect to ThinkTank/DirectBuy Defendants. Newman has suffered general emotional distress, general mental pain and suffering, humiliation, embarrassment to name, character and reputation due to the actions and inactions of ThinkTank/DirectBuy Defendants by their agents, servants, supervisors, administrators, human resources and/or employees (including without limitation Don Sone, Laurie Gagan and James Gagan Jr.) acting within the course and scope of their employment.

80.    In addition, the above acts by ThinkTank/DirectBuy Defendants and their agents, servants, supervisors, administrators, human resources and/or employees (including without limitation Don Sone, Laurie Gagan and James Gagan Jr.) acting within the course and scope of their duties and/or employment, individually and in concert, were willful, wanton, malicious, intentional and oppressive, and justify the

awarding of actual, compensatory and/or punitive damages in favor of Newman against ThinkTank/DirectBuy Defendants and an award in favor of Newman and against ThinkTank/DirectBuy Defendants for his attorney fees, expert witness fees and other costs associated in filing this Complaint.

WHEREFORE, Plaintiff, by counsel, request relief of the Court consisting of all damages afforded by law including, but not limited to, the following:

a. Judgment for actual, compensatory and punitive damages;
b. Judgment for Back pay and retroactive increases;
c. Reinstatement with the same seniority status and benefits Newman would have had he not been denied accommodated work or terminated; or in the alternative, Front pay;
d. Judgment for general emotional distress and humiliation Newman has suffered as a result of ThinkTank/DirectBuy Defendants' unlawful conduct;
e. Expenses of litigation and reasonable attorney fees and costs;
f. Prejudgment interest at the statutory rate; and
g. All other just and proper relief in the premises, against Defendants, Gagan, ThinkTank, DirectBuy and UCC.

## COUNT II
## FAMILY AND MEDICAL LEAVE ACT
### (Interference and/or Retaliation)

Comes now the Plaintiff, by counsel, BLACHLY TABOR BOZIK & HARTMAN, LLC, and hereby incorporates the foregoing paragraphs of Plaintiff's Complaint, and states as follows:

81. Plaintiff incorporates by reference all paragraphs of the Factual Background section as though fully set forth herein.

82. During times relevant to Plaintiff's Complaint, ThinkTank/DirectBuy Defendants comprise a single employer or an integrated employer; ThinkTank/DirectBuy Defendants are an employer as that term is defined by the Family Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601, et seq. (the "FMLA").

83.    During times relevant to Plaintiff's Complaint, Newman worked at ThinkTank/DirectBuy Defendants for more than one year, and Newman worked more than 1250 hours during the 12 months preceding Newman's request for future FMLA leave around June 27, 2011, related to the birth of his then unborn child.

84.    During times relevant to Plaintiff's Complaint, ThinkTank/DirectBuy Defendants employed 50 or more individuals within a 75-mile radius of the business entities located at 8450 Broadway, Merrillville, Indiana, 46410.

85.    Individual liability exists for Defendants Laurie Gagan and James Gagan Jr., under the FMLA because those Defendants were primary decision-makers concerning Newman, had some responsibility for Newman's FMLA allegations against ThinkTank/DirectBuy Defendants, had some supervisory authority over Newman, and/or directed employees who worked for ThinkTank/DirectBuy Defendants. Count II of Plaintiff's Complaint is being brought against Defendants Laurie Gagan and James Gagan Jr., in their individual capacities and as agents of ThinkTank/DirectBuy Defendants, along with ThinkTank/DirectBuy Defendants as a single employer or integrated employer.

86.    Upon information and belief, Defendants Laurie Gagan, James Gagan Jr., and ThinkTank/DirectBuy Defendants by their agents, servants, supervisors, administrators and/or employees used Newman's request for FMLA leave as a negative factor in employment actions concerning Newman.

87.    Less than one week from Newman returning to work for ThinkTank/DirectBuy Defendants, Newman was terminated for allegedly violating rules that when violated can cause marketing room staff to be sent home.

88.     Newman was terminated prior to the expected start date for his FMLA leave. Upon information and belief, the alleged reasons for Newman's termination are pretextual.

89.     Upon information and belief, Defendants Laurie Gagan, James Gagan Jr., and ThinkTank/DirectBuy Defendants by their agents, servants, supervisors, administrators and/or employees unlawfully discharged Newman in violation of the FMLA.

90.     Defendants Laurie Gagan, James Gagan Jr., and ThinkTank/DirectBuy Defendants engaged in acts prohibited by the FMLA. Defendants Laurie Gagan, James Gagan Jr., and ThinkTank/DirectBuy Defendants (by their agents, servants, supervisors, administrators and/or employees) discriminated/retaliated against Newman after he engaged in statutorily protected activity pursuant to the FMLA. Upon information and belief, there is a causal link between Newman's statutorily protected expressions and Defendants' employment decisions concerning Newman.

91.     Newman has suffered and continues to suffer substantial losses and earnings, job experience, and employment benefits that Newman rightfully would have received absent discrimination/retaliation by Defendants Laurie Gagan, James Gagan Jr., and ThinkTank/DirectBuy Defendants, and by their agents, servants, supervisors, administrators and/or employees, acting within the course and scope of their duties and/or employment in violation of the FMLA. Newman has incurred costs and expenses to file this action against Defendants to protect the statutory rights of Newman with respect to Defendants.

18

92.     As a direct, proximate, and foreseeable result of the willful and wanton actions of Defendants Laurie Gagan, James Gagan Jr., and ThinkTank/DirectBuy Defendants (by their agents, servants, supervisors, administrators and/or employees) acting within the course and scope of their duties and/or employment, individually and in concert, Newman suffered damages and harm. Newman's damages include, but are not limited to, lost wages (including overtime), lost promotion and/or increases in pay, and lost employment benefits justifying the awarding of liquidated damages in favor of Newman against Defendants; and an award in favor of Newman and against Defendants for his attorney fees, expert witness fees and other costs associated in filing this Complaint.

WHEREFORE, Plaintiff, by counsel, request relief of the Court consisting of all damages afforded by law including, but not limited to, the following:

a.  Back pay and retroactive increases;
b.  Lost employment benefits, including without limitation affordable healthcare and dental insurance and profit sharing;
c.  Interest on those each of those sums, along with an amount equaling the preceding sums to be awarded as liquidated damages;
d.  Reinstatement with the same seniority status and benefits Newman would have had but for his termination or, in the alternative, Front pay;
e.  Expenses of litigation and reasonable attorney fees and costs; and
f.  All other just and proper relief in the premises against Defendants, jointly and severally.

## COUNT III
## WRONGFUL DISCHARGE/*FRAMPTON*-TERMINATION

Comes now the Plaintiff, by counsel, BLACHLY TABOR BOZIK & HARTMAN, LLC, and hereby incorporates the foregoing paragraphs of Plaintiff's Complaint, and states as follows:

93. Plaintiff incorporates by reference all paragraphs of the Factual Background section as though fully set forth herein.

94. Around January 14, 2011, Newman suffered a serious physical injury working for ThinkTank/DirectBuy Defendants.

95. Newman sought treatment for his injury(ies) under ThinkTank/DirectBuy Defendants' worker's compensation policy. Newman sought treatment from one of ThinkTank/DirectBuy Defendants' physicians. Newman sought said treatment and worker's compensation benefits which are provided by law.

96. Newman was costing ThinkTank/DirectBuy Defendants money with his multiple doctor visits.

97. Newman was off work continuously until from around January 14, 2011 until June 21, 2011, related to his work injury. Newman was released to return to work without given medical restrictions around June 21, 2011.

98. Less than one week from Newman returning to work for ThinkTank/DirectBuy Defendants, Newman was terminated for allegedly violating rules that when violated can cause marketing room staff to be sent home.

99. Upon information and belief, the alleged reasons for Newman's termination are pretextual.

100. ThinkTank/DirectBuy Defendants discharged Newman in retaliation on the basis that he sustained a worker's compensation injury.

101. Upon information and belief, ThinkTank/DirectBuy Defendants committed an intentional, wrongful act when it terminated Newman from employment.

102. ThinkTank/DirectBuy Defendants' employment decisions as to Newman are

related to his work injury and medical care received and paid for through their worker's compensation policy.

103.   Newman does not bring any wrongful/*Frampton* termination claims against the individually-named Defendants.

104.   Newman has suffered and continues to suffer substantial losses and earnings, job experience, seniority, retirement benefits, and other employment benefits, that Newman rightfully would have received absent his retaliatory discharge by ThinkTank/DirectBuy Defendants, and their agents, servants, supervisors, administrators, human resources and/or employees (including without limitation Don Sone, Laurie Gagan and James Gagan Jr.). Newman has incurred costs and expenses to file this action against ThinkTank/DirectBuy Defendants to protect the constitutional and statutory rights of Newman with respect to ThinkTank/DirectBuy Defendants for acting with willful indifference to Newman's protected rights. Newman has suffered humiliation, general mental pain and anguish, embarrassment to her name, character and reputation, and has suffered decreased employability. In addition, the above acts by ThinkTank/DirectBuy Defendants, and their agents, servants, supervisors, administrators, human resources and/or employees (including without limitation Don Sone, Laurie Gagan and James Gagan Jr.), individually and in concert, were willful and wanton, and justify the awarding of liquidated (exemplary) damages in favor of Newman and against ThinkTank/DirectBuy Defendants, an award of punitive damages in favor of Newman and against ThinkTank/DirectBuy Defendants, and an award in favor of Newman and against ThinkTank/DirectBuy Defendants, for his attorney's fees, expert witness fees and other costs associated in filing this Complaint against

ThinkTank/DirectBuy Defendants.

WHEREFORE, Plaintiff, by counsel, request relief of the Court consisting of all damages afforded by law including, but not limited to, the following:

a.    Compensatory/punitive damages;
b.    Equitable relief and costs;
c.    Expenses of litigation and reasonable attorney fees and costs; and
d.    All other just and proper relief in the premises, against Defendants, Gagan, ThinkTank, DirectBuy and UCC.

## COUNT IV
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

COMES NOW the Plaintiff, by counsel, and hereby incorporates the foregoing paragraphs of Plaintiff's Complaint, and states as follows:

105.    Plaintiff incorporates by reference all paragraphs of the Factual Background section as though fully set forth herein.

106.    Defendants owed Newman a duty of good faith and fair dealing during their discussions, negotiations and agreements concerning the employment of Newman as an Accounting Business Analyst at ThinkTank/DirectBuy Defendants.

107.    By failing to abide by the terms of the Agreement between the parties prior and subsequent to the termination of Newman, Defendants breached their duties to Newman.

108.    As a result of the Defendants' breach of duty to Newman, Newman has incurred damages.

109.    As a direct result of the tortious, willful, wanton and reckless behavior of the Defendants, Newman suffered various damages, including but not limited to, past and future lost earnings and employment benefits, emotional damages, and other financial damages.

110.    As a direct result of the actions of Defendants, individually and/or in concert with each other, and Defendants engaging in willful, wanton and reckless behavior intended to inflict emotional and financial harm upon Newman, Newman should be entitled to punitive damages.

WHEREFORE, the Plaintiff, by counsel, Blachly Tabor Bozik & Hartman, LLC, respectfully requests that this Court enter judgment in his favor and award him the following relief:

a.    An amount necessary to fully and fairly compensate Newman for all his claims and damages and expenses;
b.    Pre- and post judgment interest on all sums recoverable; and
c.    For all other just and proper relief in the premises against Defendants.

## COUNT V
## PROMISSORY ESTOPPEL/DETRIMENTAL RELIANCE

Comes now the Plaintiff, by counsel, BLACHLY, TABOR, BOZIK & HARTMAN LLC, and hereby incorporates the foregoing paragraphs of Plaintiff's Complaint, and states as follows:

111.    Plaintiff incorporates by reference all paragraphs of the Factual Background section as though fully set forth herein.

112.    Defendants recruited Newman from his independent contractor status and made promises to Newman with the intent of inducing Newman to work solely for ThinkTank/DirectBuy Defendants, giving up Newman's personal business, and not competing with ThinkTank/DirectBuy Defendants.

113.    Defendants induced Newman by promising Newman would hold the position of Accounting Business Analyst for ThinkTank/DirectBuy Defendants for a minimum of two years, and Newman would be groomed to replace Gene Deutsch as Chief Financial

Officer of the Gagan Family of Companies.

114.   Defendants' representatives who made promises to Newman had actual, apparent and/or inherent authority to bind ThinkTank/DirectBuy Defendants.

115.   Defendants reasonably expected and intended that such promise would induce Newman to take actions of a definite and substantial character.

116.   The promises by Defendants did in fact induce Newman to take actions of a definite and substantial character, including but not limited to Newman shutting down his personal business, foregoing certain benefits associated therewith, and accepting the position at ThinkTank/DirectBuy Defendants.

117.   Newman reasonably relied upon the promises made by Defendants to the detriment of Newman.

118.   Injustice can be avoided only by enforcement of the promises made by ThinkTank/DirectBuy Defendants to Newman.

WHEREFORE, the Plaintiff, by counsel, Blachly Tabor Bozik & Hartman, LLC, respectfully requests that this Court enter judgment in his favor and award him the following relief:

a.   An amount necessary to fully compensate Newman for damages incurred;
b.   Pre- and post judgment interest on all sums recoverable; and
c.   All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

**Blachly, Tabor, Bozik & Hartman, LLC**

_____

Jeffrey S. Wrage (Atty. #18262-64)
56 S. Washington, Suite 401
Valparaiso, Indiana 46383
Ph. (219) 464-1041
Fax (219) 464-0927
jswrage@btbhlaw.com
Attorney for Plaintiff


## JURY DEMAND

COMES NOW the Plaintiff, James Newman, by counsel, Jeffrey S. Wrage of Blachly

Tabor Bozik & Hartman LLC, and demands trial by jury.

Respectfully submitted,

**Blachly, Tabor, Bozik & Hartman, LLC**

_____

Jeffrey S. Wrage (Atty. #18262-64)
56 S. Washington, Suite 401
Valparaiso, Indiana 46383
Ph. (219) 464-1041
Fax (219) 464-0927
jswrage@btbhlaw.com
Attorney for Plaintiff

## TTNTG/ Gagan LLC. EMPLOYMENT AGREEMENT

THIS EMPLOYMENT AGREEMENT ("Agreement") is made and entered into by and between James Newman, an individual ("Employee") and Think Tank Software Development Corporation & Gagan LLC, Indiana corporations ("Employer").

## RECITALS:

A. The Employer hereby employs the Employee or continues the employment of Employee, as the case may be, and the Employee hereby accepts employment upon the terms and conditions hereafter set forth.

B. In order to protect the confidential information, business, good will and proprietary rights of Employer, either of which interest is in itself sufficiently valuable to justify protection by Employer, and because of the fiduciary duty of Employee to Employer and the unfair competitive advantage that Employee would have with respect to Employer after termination of the Employment Agreement if Employee were to engage in competition with the business of Employer, Employee acknowledges the necessity of certain restrictions being placed on the activity of Employee during and after termination of Employee's employment with Employer.

C. Employee and Employer desire to set forth herein the terms and conditions of Employee's employment with employer.

NOW, THEREFORE, in consideration of the premises and the covenants hereinafter set forth and in consideration of the employment of Employee by Employer, the parties hereto agree as follows:

## AGREEMENTS:

1. Employment. Subject to the terms and conditions hereinafter stated, Employer hereby employs or continues to employ Employee, and Employee hereby accepts employment or continuation of employment. Such employment shall continue until termination of this Agreement as hereinafter provided.

2. Position and Duties of Employee. Employee shall work on a full-time basis for Employer and shall have and perform the following services and duties for Employer: Employee shall do any and all things reasonably required or requested of Employee to represent the Employer in selling, soliciting, servicing, and providing computer and software related services including, but not limited to, systems analysis design, sale of hardware, sale of computer software, package software development and/or design, custom software development and/or design, network design, systems integration and general computer consulting. Employee shall undertake such tasks, assignments, and duties that *may be* assigned, from time to time, to Employee by Employer, including specifically those duties set forth in the



Job Description Summary attached hereto, made a part hereof, and marked Exhibit "A". Employee shall do all things reasonably necessary to maintain and improve Employee's professional skill, including attendance at meetings and professional continuing education programs and participation in professional societies. Employee shall further foster the practice and development of Employer's business by being involved in civic activities, and by making a good faith effort to build up the business of Employer upon such terms according to regulations that may hereafter be developed and set forth by Employer. Employee shall diligently and conscientiously devote Employee's best efforts and attention to Employer's business and shall not engage in any other employment either full or part-time, except as follows:_____.

3. Place of Performance. The principle office of Employer is currently located at 101 W. 84th Ave. Merrillville, Indiana 46410, however, employee shall undertake such travel or transfer of the office space as shall be reasonably required in order to promote the business of Employer and as may be necessary for Employee to fully perform Employee's duties hereunder.

4. Compensation. For services rendered by Employee under this Agreement, the Employer shall pay the annual sum of $40,000 and 00/100 dollars , which sum shall be paid in equal semi-monthly installments in the sum of $1666.67, pro-rated the first pay period and until such time as this Agreement is terminated.

In addition to the foregoing compensation, Employer shall provide to Employee the following fringe benefits:

a.    Medical Insurance as determined by Employer;

b.    Vacation. ___One (1) week paid after 1st year _____;

c.    Holidays. __six (6)__ paid holidays per year providing they fall on a week day:  New Year's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day and Christmas Day;

d.    Sick Time __3___ days per year, requires a Doctor's Note to be eligible;

e.    Profit-Sharing Plan. _____25% match up to the first 4% of employee salary. Eligibility requirements are dictated by current plan and apply. Please see office manager for details.

f.    Worker's Compensation.

5. Bonus Plan. Employee shall have no right to any bonus for his performance of his duties and responsibilities under this Agreement. The Employer may, however, in its sole discretion, grant to Employee any bonus at any time in such amount and under such terms and conditions as the Employer deems proper. Any such bonus shall be voluntary only, and under no circumstances shall Employee have any claim of right or entitlement thereto.

6. Termination. Employee shall, for all purposes, be considered to be an employee-at-will. Notwithstanding the fact that Employee's compensation or some other aspect of the employment relationship may be expressed or calculated on the basis of time period, no inference or intention shall be implied there from which is in any way inconsistent with the express provision of this paragraph. This Employment Agreement may be terminated with or without cause at any time by either party giving not

less than a thirty (30) day written notice to the other party specifying the date of termination. Further, this Agreement shall immediately and automatically terminate without notice upon the occurrence of any one of the following events:

      a.    Dishonesty detrimental to the best interests of Employer;

      b.    Continuing inattention to, or neglect of, the duties to be performed by Employee, which inattention is not the result of illness or accident;

      c.    Willful disloyalty to Employer; Disclosing Confidential Information any of the Gagan Family companies.

      d.    Permanent total disability of Employee;

      e.    The death of Employee;

      f.    Participation in any fraud;

      g.    Falsification of any records or documents in connection with this employment;

      h.    Being intoxicated or under the influence of drugs while engaged in employment;

      i.    Conviction of any crime involving moral turpitude;

      j.    Insubordination or refusal to perform duties of employment;

      k.    Or any violation of this Agreement.

      7. Effect of Termination. Upon termination of this Agreement, all rights and obligations under this Agreement shall cease except for the rights and obligations set forth under Paragraph 4 as to any compensation that has already been earned for services performed prior to termination (the amount to be prorated for the portion of the pay period prior to termination), rights and obligations under Federal law concerning the COBRA act, if applicable, and all rights and obligations of Employee under Paragraphs 9 and 10. A termination of this Agreement shall constitute a termination of Employee's employment with Employer for all purposes of this Agreement.

      8. Property of Employer. Employee agrees that upon the termination of Employee's employment with the Employer, Employee will immediately surrender to Employer all property, equipment, keys, funds, lists, books, records, and other materials of Employer in the possession of or provided to Employee.

      9. Restrictive Covenant – Protection of Confidential Information and Goodwill. The parties acknowledge and agree that as a necessary part of the retention of Employee, Employee will have access to, utilize, create and develop Confidential Information, as hereafter defined, which Confidential Information is unique and has been developed and effectively applied by Employer in the conduct of its business and constitutes a valuable and essential asset of Employer's business. The parties also acknowledge and agree that the relationship and rapport that Employee has with the customers of Employer and the reputation and name of Employer that is and has been developed are valuable and essential elements of the good will of Employer, and that as a necessary function of the employment of Employee, Employee will be given access to and assist in and encourage the establishment of business relations with customers of Employer. Employee acknowledges that none of the relationships

that he has with the customers and clients of Employer at the time of termination of Employee's employment would exist except for such employment with Employer.

EMPLOYEE HEREBY COVENANTS AND AGREES AS FOLLOWS:
(a) At any time following execution of this Agreement, Employee shall not use or disclose, directly or indirectly, for any reason whatsoever or in any way, other than at the specific direction of Employer or after receipt of the prior written consent of Employer, any Confidential Information or other trade secrets of Employer, as well as property of Employer including, but not limited to, the following: customers or clients of Employer and any of their financial statements, reports, financial information, or customer needs; contract proposals and bidding information and quote systems; rate and fee structures; policies and procedures developed as part of a confidential business plan; marketing data; computer software developed by Employer or by Employee during the course of employment for Employer or any of the Employer's customers or clients; management systems and procedures and software relating thereto, including manuals and supplements; information concerning the manner in which the software programs have been developed (i.e., source code) or any copies of existing software programs owned by Employer and not specifically authorized in writing by Employer; any one or all of the foregoing are hereby deemed to be "Confidential Information" under the terms of this Agreement. The obligation not to use or disclose Confidential Information shall not apply to any information which becomes public knowledge in the industry through no fault of Employee or through any disclosure of information compelled through a valid order of court or any governmental agency.
(b) During the employment of Employee by Employer and for a period of two (2) years following the date of termination of Employee's employment with Employer for any reason, Employee shall not personally, or in concert with any other person or company, either as an Employee, partner, director, officer, shareholder or independent contractor for purposes other than specifically for the business of Employer, solicit, canvas, or otherwise contact any of Employer's customers, or former customers who have been customers of Employer within a period of two (2) years prior to the termination of Employee's employment with Employer. Employee agrees that he will not contact any such person, customer, account, or prospect for any business purpose which is similar to or relates to any business activities generally engaged in by Employee during the term of his employment with Employer. Further, Employee shall not contact any present customer, or former customer or any individual or company that has been a customer with Employer within two (2) years preceding the date of Employee's termination of Employment, for purposes of requesting said customer or former customer to withdrawn from any further business with Employer, or to curtail or cancel its business with Employer.
(c) During the employment of Employee by Employer, and for a period of two (2) years following the date of termination of Employee's employment with Employer for any reason, Employee shall not, in connection with engaging in the business of selling, soliciting, servicing, consulting and providing computer hardware and software and related equipment, as well as design and development of computer software and systems analysis design, accept referrals of clients from, or negotiate any contract or agreement with, any customer or client that has been a customer or client of Employer with two (2) years preceding the date of Employee's termination of employment under this Agreement.
(d) During the employment of Employee by Employer and for a period of two (2) years following the termination of Employee's employment with Employer for any reason, Employee shall not solicit for employment or employ, directly or indirectly, on his own behalf or on behalf of anyone else, any other employee employed by Employer who has been so employed within a period of two (2) years immediately prior to such solicitation or employment.
(e) In addition to each of the foregoing restrictions, Employee agrees that during the term of his employment with Employer, that he/she shall not refer any potential customer, client, or business of Employer to any outside person, persons, company, or organization of any type.

Instead, Employee shall use his/her best efforts to secure all such potential business for Employer and to promote the business and best interest of Employer.

10. Remedies. With respect to each and every breach, violation, or threatened breach of violation by Employee of any of the covenants set forth herein, Employer, in addition to all other remedies available at law or in equity, including specific performance of the provisions hereof, shall be entitled to enjoin the commencement or continuance thereof, and without notice to Employee, may apply for entry of an immediate restraining order or injunction. In addition, Employee agrees, upon demand, to immediately account for and pay over to Employer an amount equal to all compensation, commissions, bonuses, salary, gratuities, or other emoluments of any kind directly or indirectly received by, or for the use or benefit of Employee resulting from any activity, transaction, or employment in breach or violation of any of the covenants set forth in this Agreement, such amount being agreed to constitute liquidated damages to Employer from Employee because the exact amount of actual damages to be sustained by Employer on account of any such breach or violation cannot be determined with complete accuracy. In addition, Employee agrees to pay Employer a reasonable sum as and for Employer's attorneys' fees and costs of litigation should Employer bring an action against Employee for breach of this Agreement and prevail in such action. If Employee voluntarily terminated his/her employment after working less than two (2) calendar years with Employer, Employee shall immediately, upon demand, pay to Employer the reasonable costs and expense incurred by Employer for course materials, tests and classes supplied in order to qualify Employee certified in the companies areas of endeavor (i.e. Certified Network Engineer), if applicable.

Employer may pursue any of the remedies described in this paragraph 10 concurrently or consecutively, in any order, as to any breach or violation, and the pursuit of one or such remedies at any time will not be deemed an election of remedies or waiver of the right to pursue any of the other such remedies.

If Employee violates the restrictive covenant set forth in paragraph 9 and Employer brings legal action for injunctive or other relief, Employer shall not, as a result of the time involved in obtaining the relief, be deprived of the full period of the restrictive covenant. Accordingly, the restrictive covenant set forth in paragraph 9 shall be deemed to have the duration specified in paragraph 9, computed from the date the relief is granted but reduced by the time between the period when the restriction began to run and the date of the first violation of the covenant by Employee.

11. Waiver of Breach. The waiver by the Employer of a breach of any provision of this Agreement by the Employee shall not operate or be construed as a waiver of any subsequent breach by the Employee. No waiver shall be valid unless in writing and signed by the parties.

12. Employer Policies, Regulations, and Guidelines for Employees. Employer may issue policies, rules, regulations, guidelines, procedures, or other informational material, whether in the form of handbooks, memoranda, or otherwise, relating to its employees. These materials are general guidelines for Employee's information and shall not be construed to alter, modify, or amend this Agreement for any purpose whatsoever.

13. Severability. If any provision of this Agreement is held to be illegal, invalid, or unenforceable under present or future laws effective during the term hereof, such provision shall be fully severable and this Agreement and each separate provision hereof shall be construed and enforced as if such illegal, invalid, or unenforceable provision had never comprised a part of this Agreement, and the remaining provisions of this Agreement shall remain in full force and effect and shall not be affected by the illegal, invalid, or unenforceable provision or by its severance from this Agreement. In addition, in lieu of such illegal, invalid or unenforceable provision, there shall be added automatically as a part of this Agreement a provision as similar in terms to such illegal, invalid, or unenforceable provision as may be possible and be legal, valid, and enforceable if such reformation is allowable under applicable law.

14. <u>Separate Agreements</u>. The provisions of paragraph 9 shall be construed as a separate agreement in each of the separate locations, if any, applicable to paragraph 9, and to the extent that it may be found to be illegal and/or unenforceable in any part of the geographical area, this Agreement shall not be affected thereby with respect to each other geographical area, and any court of competent jurisdiction shall have authority to enforce this Agreement in whatever lesser geographic area the court may determine legal and proper.

15. <u>Law Governing</u>. This Agreement was executed in the State of Indiana, Lake County, and partial performance of this Agreement will be made in such place. This Agreement and all issues relating to the validity, interpretation, and performance hereof shall be governed by and interpreted under the laws of the State of Indiana.

16. <u>Assignment</u>. Neither this Agreement nor any interest herein or rights, duties, or obligations hereunder may be assigned, delegated, or otherwise transferred by either party without the prior written consent of the other party hereto.

17. <u>Headings</u>. The headings of the paragraphs of this Agreement have been inserted for convenience of reference only and shall not be construed or interpreted to restrict or modify any of the terms or provisions hereof.

18. <u>Entire Agreement</u>. This Agreement constitutes the entire understanding and agreement between the Employer and Employee with regard to all matters herein and supersedes all prior agreements and understandings, conditions, or representations, oral or written, express or implied, with respect thereto. This Agreement may be amended and modified only in writing, signed by both parties. This Agreement is the sole source of rights and duties as between Employer and Employee relating to the subject matter of this Agreement.

19. <u>Binding Effect</u>. This Agreement shall be binding upon and shall inure to the benefit of each party hereto and each party's respective successors, heirs, assigns, and legal representatives.

20. <u>Notices</u>. Any notice or request herein required or permitted to be given to any party hereunder shall be given in writing and shall be personally delivered or sent to such party by United States mail at the address set forth below the signature of such party hereto or at such other address as such party may designate in writing to the other party to this Agreement. Each notice given in accordance with this paragraph shall be deemed to have been given, if personally delivered or if mailed, on the fifth day following the day on which it is deposited in the United States mail, certified or registered mail, return receipt requested, with postage prepaid, to the address last given in accordance with this paragraph.

Date:  May 10, 2010

                                                     "Employee"

                                              Address

Think Tank Software Development

Corporation "Employer"


Date:___May 10, 2010_____     By:__ _____ ____

James Gagan, II., President
101 W. 84th Ave.
Merrillville, Indiana 46410

Begin forwarded message:

**From:** Jim Gagan <jgagan@thinktankntg.com>
**Date:** May 12, 2010 8:40:10 AM CDT
**To:** AE <AE@ThinkTankNTG.com>, SE <SE@ThinkTankNTG.com>,
Jennifer Purvis <IMCEAEX-
_O=FIRST+20ORGANIZATION_OU=EXCHANGE+20ADMINISTRA
TIVE+20GROUP+20+28FYDIBOHF23SPDLT+29_CN=RECIPIENTS_
CN=Jpurvis@ThinkTankNTG.com>, Angela Heid
<aheid@thinktankntg.com>, "fferrer@dbslsouthlake.com"
<fferrer@dbslsouthlake.com>, Aaron McLaughlin
<amclaughlin@thinktankntg.com>, "dsone@dbslsouthlake.com"
<dsone@dbslsouthlake.com>, "bstasaik@dbslsouthlake.com"
<bstasaik@dbslsouthlake.com>, "kluken@dbslsouthlake.com"
<kluken@dbslsouthlake.com>
**Cc:** James Newman <jnewman@gagancompanies.com>, Laurie Gagan
<lgagan@thinktankntg.com>
**Subject: James Newman**

James Newman has been hired as an Accounting Business Analyst. We
have asked him to review various aspects of our business process. He will
be shadowing multiple positions to get a better idea of how the company
operates.

He comes to us from his own business as an accounting system VAR. He
has an extensive background in accounting systems. This should be
beneficial to our companies moving forward.

James' role is as an accounting team member and will be providing
accounting functions for both companies as well as his analyst duties. He
reports directly to Laurie and me at this time. Angie has been asked to be
his go to person to help him acclimate. Please take a few minutes to
introduce yourselves to him and your coworkers and make him feel
welcome.

We are excited about his coming on board with our teams. I am sure he
will prove to be a great asset and team member moving forward.

Laurie and I are excited about the direction we are moving in this year and
you should be too. We are making ice cream out of horseshit to put it in to
one of my Dad's favorite sayings. In the midst of a down economy and in
one of the worst job markets in twenty years, DB and TT are seeing an
uptick in sales and productivity. We are proud of both companies efforts
this year. Keep up the good work. That is your official "at-a-boy/girl"
from me this year. NOW GET BACK TO WORK! ☺  - Jim



---------- Forwarded message ----------
From: **Laurie Gagan** <lgagan@thinktankntg.com>
Date: Tue, May 18, 2010 at 10:28 PM
Subject: RE: Rates on the war chest
To: James Newman <jnewman@gagancompanies.com>


Love National City.  We can look at something else in 3 months.  Need to run by Gene
:)

I know how you love those words!  He's really a great guy and your doing a great
job!  Who knows, maybe you'll be his replacement one day.  Not sure about the
office though :)

Kind Regards,




Laurie Gagan

DirectBuy

ThinkTank NTG

**1-219-755-6211**



Proverbs 21

ae sea suy cul ana descnot mannes a eee. tee ota

---

**From:** James Newman
**Sent:** Tuesday, May 18, 2010 3:54 PM



Direct Buy of South Lake

# <u>RULES</u>

**1: MUST BE ON TIME FOR WORK! THAT MEANS TO HAVE YOUR BEVRAGE, GO TO THE BATHROOM AND BE READY TO DIAL BY START TIME.**

**2: 15 MINUTE BREAK**

**3: ABSOLUTLY  NO ONE WILL BE OFF THE PHONE AT PRIME TIME 7:00 TO 8:30 NO EXCEPTIONS.**

**4: EVERYONE IS RESPONSIBLE FOR THEIR OWN, SALE ADS, BREAK, DESKS AND ATITUDE**

**5: EVERYONE MUST CONTACT ALL INVENTORIES 4 TIME A DAY**

**6: CELL PHONES MUST BE PUT IN JAR BEFORE YOU START WORK AND AFTER BREAK UNLESS PRE APPROVE] BY LAURIE OR DON.**

**7: NO FOOD IN MARKETROOM (LEAVE ALL LUNCHES IN KITCHEN)**
**IF ANY RULE IS BROKEN YOU WILL BE SENT HOME!!!!**



ALL-STATE LEGAL®
EXHIBIT
D

**Employers: Post Jobs | Search Resumes**

Already Registered? Sign In >>     Help     Security

**career**builder.com

🏠  **My CareerBuilder**   **Find Jobs**   **Job Recommendations**   **Post Resumes**   **Advice & Resources**

**Search**   Keywords Ex. Registered Nurse or Sales   **Location** Ex., Chicago IL or 60607     Find Jobs

# Full Charge Bookkeeper / Admin

## Gagan Companies

Back to Search Results >>

**solo**gig.com

Find IT and Engineering Jobs

$25/hr Data Entry at Home

**Apply Now >>**     **Save it | Email It | Print it** 📘 **Share with Facebook Friends**     **Report It**

### Job Snapshot

| | |
|---|---|
| Location : | 101 W. 84Th Dr |
| | Merrillville, IN 46410 (📍 Map it!) |
| Base Pay : | $30,000 - $35,000 /Year |
| Other Pay : | Health Care Program, Paid Vacation, Holiday Pay |
| Employee Type : | Full-Time |
| Industry : | Computer Hardware |
| | Computer Software |
| | Accounting - Finance |
| Manages Others : | Not Specified |
| Job Type : | Accounting |
| | Admin - Clerical |
| Education : | 2 Year Degree |
| Experience : | At least 5 year(s) |
| Travel : | None |
| Post Date : | 12/30/2011 |

### Contact Information

| | |
|---|---|
| Contact : | Laurie Gagan |
| Phone : | 219-789-7180 |
| Ref ID : | accounting |

### Description

*THE GAGAN FAMILY OF COMPANIES*

Gagan, LLC a DirectBuy franchise,Think Tank NTG an IT Consulting Group, and Banshee Holding a property management company are all part of the Gagan family of companies. We have been in business since 1990. We look for people who can contribute to our continued success, hard working, bright, energetic and looking to make an impact.

We are proud to have employed many long-term, faithful employees and are currently looking to fill an open full time position of Full Charge Bookkeeper/Administration described as follows:

- General Office Duties - Answering Phone, Filing, Maintaining Account Files, etc.

- Maintains and handles all books through the adjusted trial balance.

- Records assets, leases and expenditures and performs the monthly bank reconciliation.

- Analyzes and corrects current-period errors in the general ledger.

- Do the payroll, files federal and state payroll tax returns and computes related deposits.

[+]
Feedback

Sponsored Links

**LifeLock® Official Site**

 Don't Be a Victim of Credit Fraud. Enroll w/ LifeLock & Get Protected.

LifeLock.com



EXHIBIT

E

ALL-STATE LEGAL®



**Unemployed or Laid Off?**
You may qualify for grants for online colleges. Free info. Apply Today.
www.yourdegree.com

**Brown Mackie College**
Change Your Life Today. Go Back to School at a Brown Mackie College.
www.brownmackie.edu

**$25/hr Data Entry at Home**
Must have a computer. 11 Positions Open. Read Our Report.
WebDailyReports.com

**Buy a link here**

- Processing of AR/AP and Collection Activities.

- Generate and Post Invoices in a timely manner.

- Review and follow up on Past Due Accounts.

- Work with Outside Accounting firm to prepare statements, returns and payroll.

**Requirements**

- Minimum of 5 Years Experience.

- Exceptional Written and Verbal Communication and Problem Solving Abilities.

- Professional Demeanor, Ability to Handle Difficult Situations Effectively.

- Proficient in Microsoft Office, QuickBooks, General Computer Skills.

- Professional upbeat attitude

- Ability to work with others in a team environment

- Self Starter with a can do attitude

 Find Full Charge Bookeeper / Admin Salary Information >>

 Click Here to See Training Courses related to this Job >>

   Save it | Email It | Print it | Share with Facebook Friends          Report It

**CareerBuilder.com Advice**

For your privacy and protection, when applying to a job online:
Never give your social security number to a prospective employer, provide credit card or bank account information, or perform any sort of monetary transaction. Learn More >>

By applying to a job using CareerBuilder.com you are agreeing to comply with and be subject to the CareerBuilder.com Terms and Conditions for use of our website. To use our website, you must agree with the Terms and Conditions and both meet and comply with their provisions.

————— SPONSORED BY —————



About Us
Work at CareerBuilder
Affiliate Program
CareerBuilder API
Advertising Info
Our Partners
Privacy
Fraud
Terms
Mobile Site
Text Only (508)
Site Map
Connect via Social Media
AdChoices

Free Career Test
Salary Calculator
Skills Training
College Degrees
IT & Engineering Jobs
Candidate Screening
CareerBuilder Mobile
PrimeCB
Entry-Level Jobs
Internships
Retail Jobs
Restaurant Jobs
Healthcare Jobs
Best Jobs

Search Resumes
Post Jobs
CareerBuilder Talent Networks
Talent Management
Advice

CareerBuilder International
International Jobs

Fun Stuff
Monk-e-Mail
Monk-e-Maker
TV Commercial

Shopping
Apartments
Cars
New Cars
FSBO Homes For Sale
Real Estate
Homes For Sale
News
Part Time Jobs
Healthcare Jobs
Rental Homes

U.S. GPO 1985 0 482 051

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Statement on reverse before completing this form

ENTER CHARGE NUMBER
□ IDHR
□ EEOC 470-2011-02957

EEOC
(State or local Agency, if any)

NAME (Indicated Mr., Ms., or Mrs.)
MR. JAMES M. NEWMAN

HOME TELEPHONE NO. (Include Area Code) 847-796-0169

STREET ADDRESS
709 PLAZA DRIVE #217 Ste. 2

CITY, STATE AND ZIP CODE
CHESTERTON, IN  46304

COUNTY
PORTER

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NO. EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area |
|---|---|---|
| GAGAN, LLC d/b/a DIRECTBUY OF SOUTHLAKE | Over 50 | Code) 219-755-6211 |

STREET ADDRESS
101 W. 84th STREET, Suite C

CITY, STATE AND ZIP CODE
MERRILLVILLE, IN 46410

COUNTY
LAKE

NAME
THINK TANK SOFTWARE DEVELOPMENT CORP.

TELEPHONE NUMBER
219-736-2667

STREET ADDRESS
101 W. 84th STREET, Suite A

CITY, STATE AND ZIP CODE
MERRILLVILLE, IN 46410

COUNTY
LAKE

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
□ RACE   □ COLOR   XX SEX   □ RELIGION   XX NATIONAL ORIGIN
XX RETALIATION   □ AGE   XX DISABILITY   □ GENETIC INFORMATION
XX OTHER (Specify): retaliatory discharge,  wrongful termination, unpaid wages

DATE DISCRIMINATION TOOK PLACE
Earliest          Latest
April 2011       July 2011

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

I am a male who was born in Hong Kong. I have a British background. I was hired to be an accounting business analyst for Gagan LLC ("Gagan") and Think Tank Software Development Corp. ("Think Tank") during May 2010. I also performed the duties of human resources director for Gagan and Think Tank. I worked in an office setting with Jennifer Jimenez, a female with less education and experience than I.

My immediate supervisors were Laurie Gagan and James Gagan, Jr. My employer informed me that I was being groomed as Gene Deutsch's (whom I believe is in his 80s) replacement as Chief Financial Officer for what was commonly referred to as the "Gagan Group of Companies". I planned to work for the Gagan Group of Companies until I retired. I trained Jennifer Jimenez.

I am a qualified individual with a disability and/or my employer perceived me to be disabled. Around January 14, 2011, I suffered a serious physical injury at work. Prior to this injury, my employer had no issues with my job performance or attendance, and my employer did not try to control and administer the medications I required for my disability and/or perceived disability. I also take several medications. Without my medication, I am substantially limited in activities that are of central importance to my daily life.

Around April 18, 2011, my treating physician released me to return to work with given medical restrictions. I was released to work 8 hours/day and 40 hours/week. I was required to use crutches and bear weight on my leg as tolerated. Additionally, I was restricted to not lift over 10 pounds, sedentary duties only, no operating machinery, get up and move as needed, and work in a non-cluttered environment. I requested accommodation of my given

PAGE 1 of 5

I want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.
Date 8/11/2011   Charging Party
(Signature)

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
Month, day and year)  8/11/2011

EXHIBIT
F
ALL-STATE LEGAL

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Statement on reverse before completing this form .

**ENTER CHARGE NUMBER**
☐ IDHR
☐ EEOC

**EEOC**
*(State or local Agency, if any)*

| | |
|---|---|
| NAME *(Indicated Mr., Ms., or Mrs.)*<br>MR. JAMES M. NEWMAN | HOME TELEPHONE NO. *(Include Area Code)* 847-796-0169 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 709 PLAZA DRIVE #217 Ste. 2 | CHESTERTON, IN 46304 | PORTER |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME<br>GAGAN, LLC d/b/a DIRECTBUY OF SOUTHLAKE | NO. EMPLOYEES/MEMBERS<br>Over 50 | TELEPHONE NUMBER *(Include Area Code)* 219-755-6211 |
|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 101 W. 84th STREET, Suite C | MERRILLVILLE, IN 46410 | LAKE |

| NAME<br>THINK TANK SOFTWARE DEVELOPMENT CORP. | | TELEPHONE NUMBER<br>219-736-2667 |
|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 101 W. 84th STREET, Suite A | MERRILLVILLE, IN 46410 | LAKE |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*
☐ RACE   ☐ COLOR   XX SEX   ☐ RELIGION   XX NATIONAL ORIGIN
XX RETALIATION   ☐ AGE   XX DISABILITY   ☐ GENETIC INFORMATION
XX OTHER *(Specify): retaliatory discharge,  wrongful termination, unpaid wages*

DATE DISCRIMINATION TOOK PLACE
Earliest   Latest
April 2011   July 2011

THE PARTICULARS ARE *(If additional space is needed, attached extra sheet(s)):*

restrictions from Gagan, and requested use of a handicapped parking space because I was issued a placard by the Indiana Department of Motor Vehicles.  Prior to being given medical restrictions by my doctor, my employer had me login remotely and perform work for them while the work comp carrier thought I was on leave.

Although I was hired to be an accounting business analyst and also performed human resources job duties, my employer refused to accommodate my given medical restrictions. I believe that I could have performed my accounting business analysis and human resource job duties with or without accommodation. My employer told me that I had to be without restriction to return to work.  My employer refused to accommodate me.

Around June 8, 2011, I was informed that Gagan and Think Tank decided to eliminate my position of accounting business analyst.  Gagan also informed me that I remained on a leave of absence and would be considered for future openings once I was "fully released to return to work" by my doctor.  My employer retained Jennifer Jimenez, a non-disabled, American female with less experience and education than I for the position of accounting business analyst.

Around June 10, 2011, my doctor released me to return to work without restriction. I was to use a cane and prescription medication for pain. Also on June 10th, Gagan informed its insurance provider, CNA that it had an immediate job opening for me. Based on Gagan's representations, my TTD benefits ended on June 10th, but I was not immediately returned to work. On June 16, 2011, Laurie Gagan suggested I consider being a stay at home dad, and also informed me that James Gagan, Jr., was working on a letter offering me a newly created position.

PAGE 2 of 5

| | |
|---|---|
| I want this charge filed with the EEOC.<br>I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements) |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br>Date  8/11/2011   Charging Party<br>*(Signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Month, day and year)  8/11/2011 |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Statement on reverse before completing this form

**ENTER CHARGE NUMBER**
☐ IDHR
☐ EEOC

EEOC
*(State or local Agency, if any)*

| NAME *(Indicated Mr., Ms., or Mrs.)* | HOME TELEPHONE NO. *(Include Area Code)* 847-796-0169 |
|---|---|
| MR. JAMES M. NEWMAN | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 709 PLAZA DRIVE #217 Ste. 2 | CHESTERTON, IN  46304 | PORTER |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NO. EMPLOYEES/MEMBERS | TELEPHONE NUMBER *(Include Area Code)* 219-755-6211 |
|---|---|---|
| GAGAN, LLC d/b/a DIRECTBUY OF SOUTHLAKE | Over 50 | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 101 W. 84th STREET, Suite C | MERRILLVILLE, IN 46410 | LAKE |

| NAME | TELEPHONE NUMBER 219-736-2667 |
|---|---|
| THINK TANK SOFTWARE DEVELOPMENT CORP. | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 101 W. 84th STREET, Suite A | MERRILLVILLE, IN 46410 | LAKE |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*
☐ RACE    ☐ COLOR    XX SEX    ☐ RELIGION    XX NATIONAL ORIGIN
XX RETALIATION    ☐ AGE    XX DISABILITY    ☐ GENETIC INFORMATION
XX  OTHER *(Specify): retaliatory discharge,  wrongful termination, unpaid wages*

DATE DISCRIMINATION TOOK PLACE
Earliest          Latest
April 2011       July 2011

THE PARTICULARS ARE *(If additional space is needed, attached extra sheet(s)):*

Around Friday, June 17, 2011, I received the letter from James Gagan, Jr.  The letter indicates that Gagan created an Assistant Marketing Room Manager position for me.  However, the position had been in existence since at least January 2011, and it's held by Ed Broadaway.  Since I had no income, was no longer receiving TTD benefits, and could not afford to remain on the unpaid leave of absence my employer placed me, around June 20, 2011, I accepted the position offered.  I returned to work around June 21, 2011.

When I returned to work, Laurie Gagan wanted to take possession of my prescription medications and administer them to me according to the directions on the labels. I did not believe she could legally dispense prescribed medications, so I refused. I was forced to work without taking prescribed medications related to my impairment and my perceived disability during working hours.  Also, my employer refused me use of a handicapped parking space as I requested.  I was walking with a cane and had a handicap placard for my use. There were no handicapped parking spaces in the lot my employers instructed me to park.  I do not believe that Gagan and Think Tank have enough parking spaces reserved for handicapped parking based on the number of parking spaces in their lot.

Also after I returned to work, I was isolated from my coworkers in the marketing department.  As far as I know, Ed Broadaway was still employed at Gagan and held the same title of Assistant Marketing Manager as I did. I received only one day of training for making solicitation calls; I believe that non-disabled, American marketing employees received about one week of training. I was segregated to a separate office where I was routinely monitored by James Gagan, Jr., and Laurie Gagan. My non-disabled, American marketing coworkers received more favorable treatment than me.

PAGE 3 of 5

| I want this charge filed with the EEOC.<br>I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br>Date 8/11/2011        Charging Party<br>*(Signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Month, day and year)  8/11/2011 |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Statement on reverse before completing this form

| ENTER CHARGE NUMBER |
| --- |
| ☐ IDHR |
| ☐ EEOC |

**EEOC**
*(State or local Agency, if any)*

| NAME *(Indicated Mr., Ms., or Mrs.)*<br>MR. JAMES M. NEWMAN | HOME TELEPHONE NO. *(Include Area Code)* 847-796-0169 |
| --- | --- |

| STREET ADDRESS<br>709 PLAZA DRIVE #217 Ste. 2 | CITY, STATE AND ZIP CODE<br>CHESTERTON, IN 46304 | COUNTY<br>PORTER |
| --- | --- | --- |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME<br>GAGAN, LLC d/b/a DIRECTBUY OF SOUTHLAKE | NO. EMPLOYEES/MEMBERS<br>Over 50 | TELEPHONE NUMBER *(Include Area Code)* 219-755-6211 |
| --- | --- | --- |

| STREET ADDRESS<br>101 W. 84th STREET, Suite C | CITY, STATE AND ZIP CODE<br>MERRILLVILLE, IN 46410 | COUNTY<br>LAKE |
| --- | --- | --- |

| NAME<br>THINK TANK SOFTWARE DEVELOPMENT CORP. | | TELEPHONE NUMBER<br>219-736-2667 |
| --- | --- | --- |

| STREET ADDRESS<br>101 W. 84th STREET, Suite A | CITY, STATE AND ZIP CODE<br>MERRILLVILLE, IN 46410 | COUNTY<br>LAKE |
| --- | --- | --- |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*<br>☐ RACE  ☐ COLOR  XX SEX  ☐ RELIGION  XX NATIONAL ORIGIN<br>XX RETALIATION  ☐ AGE  XX DISABILITY  ☐ GENETIC INFORMATION<br>XX OTHER *(Specify):* retaliatory discharge, wrongful termination, unpaid wages | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*  *Latest*<br>April 2011   July 2011 |
| --- | --- |

THE PARTICULARS ARE *(If additional space is needed, attached extra sheet(s)):*

I also received three (3) write-ups and was terminated less than a week after I returned to work. Around June 21, 2011, I was falsely accused of being tardy when the time clock was fast, and given verbally coaching by Laurie Gagan and/or Don Sone. Around June 22, 2011, I was given a written warning by Laurie Gagan and/or Don Sone for being tardy the previous day; the amount of time had been increased from 5 minutes late to 10 minutes late and I was told it was because my employer expected me to arrive at work 5 minutes before the start of my shift to learn how to use the time clock. I was given a second written warning by Don Sone and/or Laurie Gagan around June 22, 2011, for my alleged unprofessionalism and insubordination the previous day. Around June 23, 2011, my car broke down on my way to work. Due to my car problem, I was over an hour late for work. I was written up by James Gagan Jr. and/or Jennifer Jimenez, and told that I was suspended and should return home.

Around June 27, 2011, I asked about having time off work for two doctors' appointments and a court date. One of the appointments was for my impairment, and the other was for the serious physical injury that caused my employer to perceive me as disabled. Since I was no longer performing human resource duties and did not know who replaced me in that capacity, I did not know if my absences would be excused or counted against me. Also around June 27, 2011, I asked for future FMLA leave related to the birth of my unborn child, from my employer (Gagan and Think Tank). Further, I requested a copy of my employment contract, my written warnings and the employee handbook or manual being used by Gagan and Think Tank. On June 28, 2011, I was terminated by my employer. Non-disabled, American female coworkers (including but not limited to LaDonna, Ariel, Tiffany, and Dominga) were not suspended or terminated for their respective attendance issues.

PAGE 4 of 5

| I want this charge filed with the EEOC.<br>I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements) |
| --- | --- |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br>Date  8/11/2011  Charging Party<br>*(Signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Month, day and year)  8/11/2011 |

| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974; see Privacy Statement on reverse before completing this form | ENTER CHARGE NUMBER<br>□ IDHR<br>□ EEOC |
|---|---|

| EEOC<br>*(State or local Agency, if any)* | |
|---|---|

| NAME *(Indicated Mr., Ms., or Mrs.)*<br>MR. JAMES M. NEWMAN | HOME TELEPHONE NO. *(Include Area Code)* 847-796-0169 |
|---|---|

| STREET ADDRESS<br>709 PLAZA DRIVE #217 Ste. 2 | CITY, STATE AND ZIP CODE<br>CHESTERTON, IN  46304 | COUNTY<br>PORTER |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME<br>GAGAN, LLC d/b/a DIRECTBUY OF SOUTHLAKE | NO. EMPLOYEES/MEMBERS<br>Over 50 | TELEPHONE NUMBER *(Include Area Code)* 219-755-6211 |
|---|---|---|

| STREET ADDRESS<br>101 W. 84th STREET, Suite C | CITY, STATE AND ZIP CODE<br>MERRILLVILLE, IN 46410 | COUNTY<br>LAKE |
|---|---|---|

| NAME<br>THINK TANK SOFTWARE DEVELOPMENT CORP. | | TELEPHONE NUMBER 219-736-2667 |
|---|---|---|

| STREET ADDRESS<br>101 W. 84th STREET, Suite A | CITY, STATE AND ZIP CODE<br>MERRILLVILLE, IN 46410 | COUNTY<br>LAKE |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*<br>□ RACE    □ COLOR    XX SEX    □ RELIGION    XX NATIONAL ORIGIN<br>XX RETALIATION    □ AGE    XX DISABILITY    □ GENETIC INFORMATION<br>XX OTHER *(Specify): retaliatory discharge, wrongful termination, unpaid wages* | DATE DISCRIMINATION TOOK PLACE<br>Earliest            Latest<br>April 2011         July 2011 |
|---|---|

THE PARTICULARS ARE *(If additional space is needed, attached extra sheet(s)):*

In summary, I believe that I was harassed and discriminated against because of my gender, national origin, disability and/or perceived disability, which harassment caused a hostile work environment for me. I believe my request for FMLA leave related to the birth of my unborn child and my intention to add my unborn child to my family healthcare insurance were factors in my termination. There was not good faith and fair dealing by my employer. I believe all of this would not have occurred if not for my gender (male), my national origin, and my limiting disability and/or my perceived disability.

After I sought workers' compensation benefits and my employer failed to provide me the accommodations I requested, I suffered retaliation. Non-disabled, American females with attendance issues were treated more favorably than me. Also, I suffered wrongful and/or retaliatory termination, and my employer stopped grooming me to take over for Gene Deutsch. I believe that I have not received all accrued wages/vacation due me. I do not believe this would have happened to me if not for my gender, disability, perceived disability, national origin, seeking workers' compensation benefits, seeking accommodations and seeking future FMLA leave and healthcare benefits.

PAGE 5 of 5

| I want this charge filed with the EEOC.<br>I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br>Date  8/11/2011          Charging Party<br>*(Signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Month, day and year)  8/11/2011 |

U.S. GPO 1985 0 482 051

# AMENDED CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Statement on reverse before completing this form

ENTER CHARGE NUMBER
□ IDHR
X EEOC 470-2012-00264

EEOC
(State or local Agency, if any)

NAME (Indicated Mr., Ms., or Mrs.)
MR. JAMES M. NEWMAN

HOME TELEPHONE NO. (Include Area Code) 847-726-0169

EEOC Indianapolis
District Office
OCT 26 2011
RECEIVED

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 709 PLAZA DRIVE #217 Ste. 2 | CHESTERTON, IN 46304 | PORTER |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NO. EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area |
|---|---|---|
| GAGAN, LLC d/b/a DIRECTBUY OF SOUTHLAKE | Over 50 | Code) 219-755-6211 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 101 W. 84th STREET, Suite C | MERRILLVILLE, IN 46410 | LAKE |

| NAME | | TELEPHONE NUMBER |
|---|---|---|
| THINK TANK SOFTWARE DEVELOPMENT CORP. | | 219-736-2667 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 101 W. 84th STREET, Suite A | MERRILLVILLE, IN 46410 | LAKE |

| NAME | | TELEPHONE NUMBER |
|---|---|---|
| UNITED CONSUMERS CLUB INCORPORATED d/b/a DIRECT BUY OF SOUTH LAKE | | 219-736-1100 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 8405 BROADWAY | MERRILLVILLE, IN 46410 | LAKE |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
□ RACE     □ COLOR     □ SEX     □ RELIGION     XX NATIONAL ORIGIN
XX RETALIATION     □ AGE     XX DISABILITY     □ GENETIC INFORMATION
XX OTHER (Specify): retaliatory discharge, wrongful termination, unpaid wages

DATE DISCRIMINATION TOOK PLACE
Earliest: April 2011     Latest: July 2011

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

    I am a male who was born in Hong Kong. I have a British background. I was hired to be an accounting business analyst for Gagan LLC ("Gagan") and Think Tank Software Development Corp. ("Think Tank") during May 2010. I also performed the duties of human resources director for Gagan and Think Tank. I worked in an office setting with Jennifer Jimenez, a female with less education and experience than I.

    My immediate supervisors were Laurie Gagan and James Gagan, Jr.  My employer informed me that I was being groomed as Gene Deutsch's (whom I believe is in his 80s) replacement as Chief Financial Officer for what was commonly referred to as the "Gagan Group of Companies". I planned to work for the Gagan Group of Companies until I retired. I trained Jennifer Jimenez.

    I am a qualified individual with a disability and/or my employer perceived me to be disabled. Around January 14, 2011, I suffered a serious physical injury at work. Prior to this injury, my employer had no issues with my job performance or attendance, and my employer did not try to control and administer the medications I required for my disability and/or perceived disability. I also take several medications. Without my medication, I am substantially limited in activities that are of central importance to my daily life.

PAGE 1 of 7

| I want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br>Date 10/21/1<br>(Signature)     Charging Party | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day and year)  10/21/11 |

EXHIBIT
G
ALL-STATE LEGAL®

# AMENDED CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Statement on reverse before completing this form

**ENTER CHARGE NUMBER**
□ IDHR
☒ EEOC  470-2012-00264

EEOC
*(State or local Agency, if any)*

| | |
|---|---|
| NAME *(Indicated Mr., Ms., or Mrs.)*<br>MR. JAMES M. NEWMAN | HOME TELEPHONE NO. *(Include Area Code)* 847-796-0169 |

| STREET ADDRESS<br>709 PLAZA DRIVE #217 Ste. 2 | CITY, STATE AND ZIP CODE<br>CHESTERTON, IN 46304 | COUNTY<br>PORTER |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME<br>GAGAN, LLC d/b/a DIRECTBUY OF SOUTHLAKE | NO. EMPLOYEES/MEMBERS<br>Over 50 | TELEPHONE NUMBER *(Include Area Code)* 219-755-6211 |
|---|---|---|

| STREET ADDRESS<br>101 W. 84th STREET, Suite C | CITY, STATE AND ZIP CODE<br>MERRILLVILLE, IN 46410 | COUNTY<br>LAKE |
|---|---|---|

| NAME<br>THINK TANK SOFTWARE DEVELOPMENT CORP. | TELEPHONE NUMBER<br>219-736-2667 |
|---|---|

| STREET ADDRESS<br>101 W. 84th STREET, Suite A | CITY, STATE AND ZIP CODE<br>MERRILLVILLE, IN 46410 | COUNTY<br>LAKE |
|---|---|---|

| NAME<br>UNITED CONSUMERS CLUB INCORPORATED d/b/a DIRECT BUY OF SOUTH LAKE | TELEPHONE NUMBER<br>219-736-1100 |
|---|---|

| STREET ADDRESS<br>8405 BROADWAY | CITY, STATE AND ZIP CODE<br>MERRILLVILLE, IN 46410 | COUNTY<br>LAKE |
|---|---|---|

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*
□ RACE    □ COLOR    XX SEX    □ RELIGION    XX NATIONAL ORIGIN
XX RETALIATION    □ AGE    XX DISABILITY    □ GENETIC INFORMATION
XX OTHER *(Specify):* retaliatory discharge, wrongful termination, unpaid wages

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| April 2011 | July 2011 |

THE PARTICULARS ARE *(If additional space is needed, attached extra sheet(s)):*

My treating physician released me to return to work with given medical restrictions effective April 18, 2011. I was released to work 8 hours/day and 40 hours/week. I was required to use crutches and bear weight on my leg as tolerated. Additionally, I was restricted to not lift over 10 pounds, sedentary duties only, no operating machinery, get up and move as needed, and work in a non-cluttered environment. I requested accommodation of my given restrictions from my employer, and requested use of a handicapped parking space because I was issued a placard by the Indiana Department of Motor Vehicles. Prior to being given medical restrictions by my doctor, my employer had me login remotely and perform work for them while the work comp carrier thought I was on leave.

CNA set-up a meeting for me with Laurie and Jim Gagan on April 18th to discuss my return to work performing my accounting duties. Around April 15, 2011, my employer learned that I hired legal counsel. After that, my April 18th meeting to return to work and perform my job duties as an accounting business analyst was cancelled.

Although I was hired to be an accounting business analyst and also performed human resources job duties, my employer refused to accommodate my given medical restrictions. I believe that I could have performed my accounting business analysis and human resource job duties with or without accommodation. My employer told me that I had to be without restriction to return to work. My employer refused to accommodate me.

PAGE 2 of 7

| I want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br>Date 10/21/11<br>*(Signature)*     Charging Party | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year)   10/21/11 |

# AMENDED CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Statement on reverse before completing this form

ENTER CHARGE NUMBER
☐ IDHR
☒ EEOC 470-2012-00264

EEOC
*(State or local Agency, if any)*

| | | |
|---|---|---|
| NAME *(Indicated Mr., Ms., or Mrs.)*<br>MR. JAMES M. NEWMAN | | HOME TELEPHONE NO. *(Include Area Code)* 847-796-0169 |
| STREET ADDRESS<br>709 PLAZA DRIVE #217 Ste. 2 | CITY, STATE AND ZIP CODE<br>CHESTERTON, IN 46304 | COUNTY<br>PORTER |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| | | |
|---|---|---|
| NAME<br>GAGAN, LLC d/b/a DIRECTBUY OF SOUTHLAKE | NO. EMPLOYEES/MEMBERS<br>Over 50 | TELEPHONE NUMBER *(Include Area Code)* 219-755-6211 |
| STREET ADDRESS<br>101 W. 84th STREET, Suite C | CITY, STATE AND ZIP CODE<br>MERRILLVILLE, IN 46410 | COUNTY<br>LAKE |
| NAME<br>THINK TANK SOFTWARE DEVELOPMENT CORP. | | TELEPHONE NUMBER<br>219-736-2667 |
| STREET ADDRESS<br>101 W. 84th STREET, Suite A | CITY, STATE AND ZIP CODE<br>MERRILLVILLE, IN 46410 | COUNTY<br>LAKE |
| NAME<br>UNITED CONSUMERS CLUB INCORPORATED d/b/a DIRECT BUY OF SOUTH LAKE | | TELEPHONE NUMBER<br>219-736-1100 |
| STREET ADDRESS<br>8405 BROADWAY | CITY, STATE AND ZIP CODE<br>MERRILLVILLE, IN 46410 | COUNTY<br>LAKE |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR XX SEX ☐ RELIGION XX NATIONAL ORIGIN<br>XX RETALIATION ☐ AGE XX DISABILITY ☐ GENETIC INFORMATION<br>XX OTHER *(Specify)*: retaliatory discharge, wrongful termination, unpaid wages | Earliest          Latest<br>April 2011      July 2011 |

THE PARTICULARS ARE *(If additional space is needed, attached extra sheet(s)):*

Around June 8, 2011, I was informed that Gagan and Think Tank decided to eliminate my position of accounting business analyst. Gagan also informed me that I remained on a leave of absence and would be considered for future openings once I was "fully released to return to work" by my doctor. My employer retained Jennifer Jimenez, a non-disabled, American female with less experience and education than I for the position of accounting business analyst.

Around June 10, 2011, my doctor released me to return to work without restriction. I was to use a cane and prescription medication for pain. Also on June 10th, Gagan informed its insurance provider, CNA that it had an immediate job opening for me. Based on Gagan's representations, my TTD benefits ended on June 10th, but I was not immediately returned to work. On June 16, 2011, Laurie Gagan suggested I consider being a stay at home dad, and also informed me that James Gagan, Jr., was working on a letter offering me a newly created position.

Around Friday, June 17, 2011, I received the letter from James Gagan, Jr. The letter indicates that Gagan created an Assistant Marketing Room Manager position for me. However, the position had been in existence since

PAGE 3 of 7

| | |
|---|---|
| I want this charge filed with the EEOC.<br>I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br>Date 10/21/11          Charging Party<br>*(Signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Month, day and year) 10/21/11 |

| **AMENDED CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974; see Privacy Statement on reverse before completing this form | ENTER CHARGE NUMBER<br>□ IDHR<br>X EEOC 470 - 2012 - 00204 |
|---|---|

| EEOC<br>(State or local Agency, if any) | |
|---|---|

| NAME (Indicated Mr., Ms., or Mrs.)<br>MR. JAMES M. NEWMAN | HOME TELEPHONE NO. (Include Area Code) 847-796-0169 |
|---|---|

| STREET ADDRESS<br>709 PLAZA DRIVE #217 Ste. 2 | CITY, STATE AND ZIP CODE<br>CHESTERTON, IN 46304 | COUNTY<br>PORTER |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>GAGAN, LLC d/b/a DIRECTBUY OF SOUTHLAKE | NO. EMPLOYEES/MEMBERS<br>Over 50 | TELEPHONE NUMBER (Include Area Code) 219-755-6211 |
|---|---|---|

| STREET ADDRESS<br>101 W. 84th STREET, Suite C | CITY, STATE AND ZIP CODE<br>MERRILLVILLE, IN 46410 | COUNTY<br>LAKE |
|---|---|---|

| NAME<br>THINK TANK SOFTWARE DEVELOPMENT CORP. | | TELEPHONE NUMBER<br>219-736-2667 |
|---|---|---|

| STREET ADDRESS<br>101 W. 84th STREET, Suite A | CITY, STATE AND ZIP CODE<br>MERRILLVILLE, IN 46410 | COUNTY<br>LAKE |
|---|---|---|

| NAME<br>UNITED CONSUMERS CLUB INCORPORATED d/b/a DIRECT BUY OF SOUTH LAKE | | TELEPHONE NUMBER<br>219-736-1100 |
|---|---|---|

| STREET ADDRESS<br>8405 BROADWAY | CITY, STATE AND ZIP CODE<br>MERRILLVILLE, IN 46410 | COUNTY<br>LAKE |
|---|---|---|

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
□ RACE    □ COLOR    XX SEX    □ RELIGION    XX NATIONAL ORIGIN
XX RETALIATION    □ AGE    XX DISABILITY    □ GENETIC INFORMATION
XX OTHER (Specify): retaliatory discharge, wrongful termination, unpaid wages

| DATE DISCRIMINATION TOOK PLACE |
|---|
| Earliest          Latest |
| April 2011       July 2011 |

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

at least January 2011, and it's held by Ed Broadaway. Since I had no income, was no longer receiving TTD benefits, and could not afford to remain on the unpaid leave of absence my employer placed me, around June 20, 2011, I accepted the position offered. I returned to work around June 21, 2011.

When I returned to work, Laurie Gagan wanted to take possession of my prescription medications and administer them to me according to the directions on the labels. I did not believe she could legally dispense prescribed medications, so I refused. I was forced to work without taking prescribed medications related to my impairment and my perceived disability during working hours. Also, my employer refused me use of a handicapped parking space as I requested. I was walking with a cane and had a handicap placard for my use. There were no handicapped parking spaces in the lot my employers instructed me to park. I do not believe that Gagan and Think Tank have enough parking spaces reserved for handicapped parking based on the number of parking spaces in their lot.

Don Sone held the position of Marketing Room Manager and had direct supervisory authority over me and Gagan's other marketing room staff. Don Sone is paid by United Consumers Club Incorporated (UCC), but used Gagan's workplace, equipment, supplies and staff to perform his job functions. I believe Gagan also directed the

PAGE 4 of 7

| I want this charge filed with the EEOC.<br>I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br>Date *10/21/11*          Charging Party<br>*(Signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Month, day and year) *10/21/11* |

# AMENDED CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Statement on reverse before completing this form

| ENTER CHARGE NUMBER |
|---|
| □ IDHR |
| ☒ EEOC 470-2012-00264 |

EEOC
*(State or local Agency, if any)*

| NAME *(Indicated Mr., Ms., or Mrs.)* | HOME TELEPHONE NO. *(Include Area Code)* 847-796-0169 |
|---|---|
| MR. JAMES M. NEWMAN | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 709 PLAZA DRIVE #217 Ste. 2 | CHESTERTON, IN 46304 | PORTER |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NO. EMPLOYEES/MEMBERS | TELEPHONE NUMBER *(Include Area Code)* 219-755-6211 |
|---|---|---|
| GAGAN, LLC d/b/a DIRECTBUY OF SOUTHLAKE | Over 50 | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 101 W. 84th STREET, Suite C | MERRILLVILLE, IN 46410 | LAKE |

| NAME | | TELEPHONE NUMBER 219-736-2667 |
|---|---|---|
| THINK TANK SOFTWARE DEVELOPMENT CORP. | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 101 W. 84th STREET, Suite A | MERRILLVILLE, IN 46410 | LAKE |

| NAME | | TELEPHONE NUMBER 219-736-1100 |
|---|---|---|
| UNITED CONSUMERS CLUB INCORPORATED d/b/a DIRECT BUY OF SOUTH LAKE | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 8405 BROADWAY | MERRILLVILLE, IN 46410 | LAKE |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE | |
|---|---|---|
| □ RACE   □ COLOR   XX SEX   □ RELIGION   XX NATIONAL ORIGIN | Earliest | Latest |
| XX RETALIATION   □ AGE   XX DISABILITY   □ GENETIC INFORMATION | April 2011 | July 2011 |
| XX OTHER *(Specify):* retaliatory discharge, wrongful termination, unpaid wages | | |

THE PARTICULARS ARE *(If additional space is needed, attached extra sheet(s)):*

performance of Sone's work and controlled his work schedules. I believe that Gagan, Think Tank and UCC are a single employer. After returning to work, I was not given any managerial duties, but performed work of the Marketing Room Staff.

Also after I returned to work, I was isolated from my coworkers in the marketing department.  As far as I know, Ed Broadaway was still employed at Gagan and held the same title of Assistant Marketing Manager as I did. I received only one day of training for making solicitation calls; I believe that non-disabled, American marketing employees received about one week of training. I was segregated to a separate office where I was routinely monitored by James Gagan, Jr., and Laurie Gagan. My non-disabled, American marketing coworkers received more favorable treatment than me.

I also received three (3) write-ups and was terminated less than a week after I returned to work. Around June 21, 2011, I was falsely accused of being tardy when the time clock was fast, and given verbally coaching by Laurie Gagan and/or Don Sone.  Around June 22, 2011, I was given a written warning by Laurie Gagan and/or Don Sone for being tardy the previous day; the amount of time had been increased from 5 minutes late to 10 minutes late and I

PAGE 5 of 7

| I want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. Date 10/21/11 *(Signature)*   Charging Party | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year) 10/21/11 |

# AMENDED CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Statement on reverse before completing this form

ENTER CHARGE NUMBER
☐ IDHR
☒ EEOC 470-2012-00264

EEOC
*(State or local Agency, if any)*

| NAME *(Indicated Mr., Ms., or Mrs.)* MR. JAMES M. NEWMAN | HOME TELEPHONE NO. *(Include Area Code)* 847-796-0169 |
|---|---|

| STREET ADDRESS 709 PLAZA DRIVE #217 Ste. 2 | CITY, STATE AND ZIP CODE CHESTERTON, IN 46304 | COUNTY PORTER |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME GAGAN, LLC d/b/a DIRECTBUY OF SOUTHLAKE | NO. EMPLOYEES/MEMBERS Over 50 | TELEPHONE NUMBER *(Include Area Code)* 219-755-6211 |
|---|---|---|

| STREET ADDRESS 101 W. 84th STREET, Suite C | CITY, STATE AND ZIP CODE MERRILLVILLE, IN 46410 | COUNTY LAKE |
|---|---|---|

| NAME THINK TANK SOFTWARE DEVELOPMENT CORP. | TELEPHONE NUMBER 219-736-2667 |
|---|---|

| STREET ADDRESS 101 W. 84th STREET, Suite A | CITY, STATE AND ZIP CODE MERRILLVILLE, IN 46410 | COUNTY LAKE |
|---|---|---|

| NAME UNITED CONSUMERS CLUB INCORPORATED d/b/a DIRECT BUY OF SOUTH LAKE | TELEPHONE NUMBER 219-736-1100 |
|---|---|

| STREET ADDRESS 8405 BROADWAY | CITY, STATE AND ZIP CODE MERRILLVILLE, IN 46410 | COUNTY LAKE |
|---|---|---|

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*
☐ RACE   ☐ COLOR   XX SEX   ☐ RELIGION   XX NATIONAL ORIGIN
XX RETALIATION   ☐ AGE   XX DISABILITY   ☐ GENETIC INFORMATION
XX OTHER *(Specify): retaliatory discharge, wrongful termination, unpaid wages*

DATE DISCRIMINATION TOOK PLACE
Earliest          Latest
April 2011       July 2011

THE PARTICULARS ARE *(If additional space is needed, attached extra sheet(s)):*

was told it was because my employer expected me to arrive at work 5 minutes before the start of my shift to learn how to use the time clock. I was given a second written warning by Don Sone and/or Laurie Gagan around June 22, 2011, for my alleged unprofessionalism and insubordination the previous day. Around June 23, 2011, my car broke down on my way to work. Due to my car problem, I was over an hour late for work. I was written up by James Gagan Jr. and/or Jennifer Jimenez, and told that I was suspended and should return home.

Around June 27, 2011, I asked about having time off work for two doctors' appointments and a court date. One of the appointments was for my impairment, and the other was for the serious physical injury that caused my employer to perceive me as disabled. Since I was no longer performing human resource duties and did not know who replaced me in that capacity, I did not know if my absences would be excused or counted against me. Also around June 27, 2011, I asked for future FMLA leave related to the birth of my unborn child, from my employer (Gagan and Think Tank). Further, I requested a copy of my employment contract, my written warnings and the employee handbook or manual being used by Gagan and Think Tank. On June 28, 2011, I was terminated by my employer. Non-disabled, American female coworkers (including but not limited to LaDonna, Ariel, Tiffany, and Dominga) were not suspended or terminated for their respective attendance issues.

PAGE 6 of 7

| I want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. Date *10/21/11* (Signature) *[signature]*  Charging Party | SIGNATURE OF COMPLAINANT *[signature]*  SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year) *10/21/11* |

# AMENDED CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Statement on reverse before completing this form

ENTER CHARGE NUMBER
□ IDHR
X EEOC 470-2012-00264

| EEOC |
| --- |
| (State or local Agency, if any) |

| NAME (Indicated Mr., Ms., or Mrs.)<br>MR. JAMES M. NEWMAN | HOME TELEPHONE NO. (Include Area Code) 847-796-0169 |
| --- | --- |

| STREET ADDRESS<br>709 PLAZA DRIVE #217 Ste. 2 | CITY, STATE AND ZIP CODE<br>CHESTERTON, IN 46304 | COUNTY<br>PORTER |
| --- | --- | --- |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>GAGAN, LLC d/b/a DIRECTBUY OF SOUTHLAKE | NO. EMPLOYEES/MEMBERS<br>Over 50 | TELEPHONE NUMBER (Include Area Code) 219-755-6211 |
| --- | --- | --- |

| STREET ADDRESS<br>101 W. 84th STREET, Suite C | CITY, STATE AND ZIP CODE<br>MERRILLVILLE, IN 46410 | COUNTY<br>LAKE |
| --- | --- | --- |

| NAME<br>THINK TANK SOFTWARE DEVELOPMENT CORP. | | TELEPHONE NUMBER<br>219-736-2667 |
| --- | --- | --- |

| STREET ADDRESS<br>101 W. 84th STREET, Suite A | CITY, STATE AND ZIP CODE<br>MERRILLVILLE, IN 46410 | COUNTY<br>LAKE |
| --- | --- | --- |

| NAME<br>UNITED CONSUMERS CLUB INCORPORATED d/b/a DIRECT BUY OF SOUTH LAKE | | TELEPHONE NUMBER<br>219-736-1100 |
| --- | --- | --- |

| STREET ADDRESS<br>8405 BROADWAY | CITY, STATE AND ZIP CODE<br>MERRILLVILLE, IN 46410 | COUNTY<br>LAKE |
| --- | --- | --- |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))<br>□ RACE    □ COLOR    XX SEX    □ RELIGION    XX NATIONAL ORIGIN<br>XX RETALIATION    □ AGE    XX DISABILITY    □ GENETIC INFORMATION<br>XX OTHER (Specify): retaliatory discharge, wrongful termination, unpaid wages | DATE DISCRIMINATION TOOK PLACE<br>Earliest: April 2011    Latest: July 2011 |
| --- | --- |

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

   In summary, I believe that I was harassed and discriminated against because of my gender, national origin, disability and/or perceived disability, which harassment caused a hostile work environment for me. I believe my request for FMLA leave related to the birth of my unborn child and my intention to add my unborn child to my family healthcare insurance were factors in my termination. There was not good faith and fair dealing by my employer. I believe all of this would not have occurred if not for my gender (male), my national origin, and my limiting disability and/or my perceived disability.

   After I sought workers' compensation benefits and my employer failed to provide me the accommodations I requested, I suffered retaliation. Non-disabled, American females with attendance issues were treated more favorably than me. Also, I suffered wrongful and/or retaliatory termination, and my employer stopped grooming me to take over for Gene Deutsch. I believe that I have not received all accrued wages/vacation due me. I do not believe this would have happened to me if not for my gender, disability, perceived disability, national origin, seeking workers' compensation benefits, seeking accommodations and seeking future FMLA leave and healthcare benefits.

PAGE 7 of 7

| I want this charge filed with the EEOC.<br>I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| --- | --- |
| I declare under penalty of perjury that the foregoing is true and correct.<br>Date 10/21/11    Charging Party<br>(Signature) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year) 10/21/11 |

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **James M. Newman**<br>**709 Plaza Drive #217, Suite 2**<br>**Chesterton, IN 46304** | From:  **Indianapolis District Office**<br>**101 West Ohio St**<br>**Suite 1900**<br>**Indianapolis, IN 46204** |

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **470-2011-02959** | **Randy G. Poynter,**<br>**Enforcement Supervisor** | **(317) 226-5670** |

*(See also the additional information enclosed with this form.)*

#### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

APR 2 5 2012

Enclosures(s)

**Webster N. Smith,**
**District Director**

*(Date Mailed)*

cc:   **Brian N. Custy, Attorney**
**GAGAN, LLC d/b/a DirectBuy**
**101 West 84th Drive**
**Merrillville, IN 46410**

✓  **Jeffrey S. Wrage, Esq.**
**BLACHLY, TABOR, BOZIK & HARTMAN, LLC**
**56 South Washington, Suite 401**
**Valparaiso, IN 46383**



EXHIBIT
H



EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **James M. Newman**
709 Plaza Drive #217, Suite 2
Chesterton, IN 46304

From:  **Indianapolis District Office**
101 West Ohio St
Suite 1900
Indianapolis, IN 46204

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2011-02957 | **Randy G. Poynter,**<br>**Enforcement Supervisor** | **(317) 226-5670** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Webster N. Smith_
**Webster N. Smith,**
**District Director**

APR 2 5 2012
*(Date Mailed)*

Enclosures(s)

cc:  **Brian N. Custy, Attorney**
**GAGAN, LLC & THINK TANK SOFTWARE DEV CORP.**
**101 West 84th Drive**
**Merrillville, IN 46410**

**Jeffrey S. Wrage, Esq.**
**BLACHLY, TABOR, BOZIK & HARTMAN, LLC**
**56 South Washington, Suite 401**
**Valparaiso, IN 46383**

EXHIBIT
I



APR 3 0 2012

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **James M. Newman**
     **709 Plaza Drive #217, Suite 2**
     **Chesterton, IN 46304**

From:  **Indianapolis District Office**
       **101 West Ohio St**
       **Suite 1900**
       **Indianapolis, IN 46204**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **470-2012-00264** | **Randy G. Poynter,**<br>**Enforcement Supervisor** | **(317) 226-5670** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

APR 2 5 2012

Enclosures(s)

**Webster N. Smith,**
**District Director**

*(Date Mailed)*

cc:  **Benjamin Saukas, Attorney**
     **UNITED CONSUMERS CLUB, INC.**
     **8450 Broadway**
     **Merrillville, IN 46410**

**Jeffrey S. Wrage, Esq.**
**BLACHLY, TABOR, BOZIK & HARTMAN, LLC**
**56 South Washington**
**Suite 401**
**Valparaiso, IN 46383**



