**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JAMES NEWMAN,                     )<br>        Plaintiff,            )<br>                                   )<br>    v.                             )<br>                                   )<br>GAGAN, LLC and THINK TANK          )<br>SOFTWARE DEVELOPMENT CORP.,        )<br>        Defendants,           )<br>                                   )<br>-------------------------------------  )<br>                                   )<br>JAMES GAGAN, JR., in his individual )<br>capacity, THINK TANK SOFTWARE      )<br>DEVELOPMENT CORP., GAGAN, LLC,     )<br>and LAURIE GAGAN, in her individual )<br>capacity,                          )<br>        Counter-Claimants,    )<br>                                   )<br>    v.                             )<br>                                   )<br>JAMES NEWMAN,                      )<br>        Counter-Defendant.    )  | Cause No.: 2:12-CV-248-JVB-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to File Under Seal Any and All Documents and Depositions Cited in Support of Any Motion, Response, Reply, or Appendix Filed by the Plaintiff/Counter-Defendant Pursuant to F.R.C.P. 56 and N.D. Ind. L.R. 56-1 [DE 80], filed on July 22, 2015. No response has been filed, and the time to do so has passed.

A Protective Order was entered by this Court on July 7, 2014, which provided a procedure by which the parties could designate discovery materials as confidential. Plaintiff represents that at a May 8, 2015 deposition, Defendants designated as confidential "all documents that have been produced or exchanged by the parties during discovery" and the depositions of Edward Broadaway, Donald Sone, James Newman, Laurie Gagan, and James Gagan II, as well as all exhibits marked

during those depositions. DE 80 at 2. It appears that Plaintiff might want to use this evidence in upcoming dispositive motions, and, pursuant to the Protective Order, he seeks leave to file these documents under seal.

Northern District of Indiana Local Rule 5-3 provides that "[n]o document will be maintained under seal in the absence of an authorizing statute, Court rule, or Court order." N.D. Ind. L.R. 5-3(a). The general presumption is that judicial records are public, but this can be overridden when "the property and privacy interests of the litigants . . . predominate in the particular case." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The bar is quite high: "[a]ny step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). A motion to file documents under seal must therefore justify the claim of secrecy, analyzing the applicable legal criteria. *See Citizens First*, 178 F.3d at 945. "The determination of good cause cannot be elided by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal." *Id.*

Defendant's motion provides no substantive explanation for *why* these documents and deposition transcripts should be filed under seal. Nor are the documents themselves before the Court. It's therefore impossible to determine whether sealing would be appropriate. All that is known is that Defendants think these discovery materials should be kept out of the public view; but, as just explained, the preliminary decision to treat these documents as confidential is not enough. *Id.* Indeed, the broad claims of confidentiality in this case suggest that a blanket order sealing those documents would be inappropriate. There's no need to insist on this at present, however, and the

2

Court makes no finding as to whether these documents should in fact be sealed. The point here is that Plaintiff has not satisfied the applicable legal criteria. The Court therefore **DENIES without prejudice** the Motion for Leave to File Under Seal Any and All Documents and Depositions Cited in Support of Any Motion, Response, Reply, or Appendix Filed by the Plaintiff/Counter-Defendant Pursuant to F.R.C.P. 56 and N.D. Ind. L.R. 56-1 [DE 80].

    SO ORDERED this 13th day of August, 2015.

                                s/ Paul R. Cherry
                                MAGISTRATE JUDGE PAUL R. CHERRY
                                UNITED STATES DISTRICT COURT