**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JAMES NEWMAN, )<br>　　　Plaintiff, )<br> )<br>　　　　　v. )<br> )<br>GAGAN, LLC and THINK TANK )<br>SOFTWARE DEVELOPMENT CORP., )<br>　　　Defendants. )<br>　　　　　　　　　　　　　　　　　　　　　　　　　)<br> )<br>JAMES GAGAN, JR., THINK TANK )<br>SOFTWARE DEVELOPMENT CORP, )<br>GAGAN, LLC, and LAURIE GAGAN, )<br>　　　Counterclaimants, )<br> )<br>　　　　　v. )<br> )<br>JAMES NEWMAN, )<br>　　　Counterclaim Defendant. ) | CAUSE NO.: 2:12-CV-248-JVB-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to File Under Seal October 23, 2015 Documents [DE 120], Motion for Leave to File Under Seal November 9, 2015 Documents [DE 121], and Motion for Leave to File Under Seal November 20, 2015 Documents [DE 122], all filed by Plaintiff James Newman on December 11, 2015, and on a Motion for Leave to File Under Seal Healthcare Records [DE 136], filed by Plaintiff on February 19, 2016. Plaintiff represents that Defendants have no objection to the motion filed on February 19, 2016.

After the first three motions were filed on December 11, 2015, the parties reviewed the 3,285 pages of documents sought to be filed under seal in those motions in an effort to identify documents that did not need to be filed under seal. As a result of this review, most of the documents were filed openly on the docket. The fourth motion, which is a request for leave to file Plaintiff's healthcare

records under seal, pertains to the only documents that Plaintiff now wishes to file under seal out of the original 3,285 pages. Consequently, the first three motions are moot.

Northern District of Indiana Local Rule 5-3 provides, "The clerk may not maintain a filing under seal unless authorized to do so by statute, court rule, or court order." N.D. Ind. L.R. 5-3(a). The Seventh Circuit Court of Appeals has held that there is a general presumption that judicial records are public. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). That presumption "can be overridden only if . . . there is good cause for sealing a part or the whole of the record in that case." *Id.* (citations omitted). "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). Accordingly, a motion to file documents under seal must justify the claim of secrecy, analyzing the applicable legal criteria. *See Citizens First*, 178 F.3d at 945; *see also, e.g.*, *Cty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007); *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 547 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

In *Chapman v. Raemisch*, No. 05-C-1254, 2009 WL 425813 (E.D. Wis. Feb. 20, 2009), the court determined that, though the plaintiff had, through his claim, put his health at issue, good cause existed to maintain the exhibits containing his medical records under seal. *Id.* at *7; *see also Dengel v. Waukesha Cty.*, 16 F. Supp. 3d 983, 999 (E.D. Wis. 2014) (finding good cause to maintain sensitive medical records under seal); *Moses v. USW Local Union 1014*, No. 2:11-cv-386, 2013 WL 2177577, *8 (N.D. Ind. May 20, 2013) (sealing an appendix containing sensitive personal medical records). Regarding Newman's medical records, filed February 19, 2016, in a Sealed Document on the docket, the Court likewise finds good cause shown.

Based on the foregoing, the Court hereby **GRANTS** the Motion for Leave to File Under Seal Healthcare Records [DE 136] and **DENIES as moot** the Motion for Leave to File Under Seal October 23, 2015 Documents [DE 120], Motion for Leave to File Under Seal November 9, 2015 Documents [DE 121], and Motion for Leave to File Under Seal November 20, 2015 Documents [DE 122]. The Court **ORDERS** that the Sealed Document [DE 137] be **MAINTAINED UNDER SEAL**.

SO ORDERED this 31st day of March, 2016.

                                                    s/ Paul R. Cherry
                                                    MAGISTRATE JUDGE PAUL R. CHERRY
                                                    UNITED STATES MAGISTRATE JUDGE