# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES NEWMAN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|           v. | ) | CAUSE NO.: 2:12-CV-248-JVB-PRC |
| | ) | |
| GAGAN, LLC and THINK TANK | ) | |
| SOFTWARE DEVELOPMENT CORP., | ) | |
|     Defendants. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| JAMES GAGAN, JR., THINK TANK | ) | |
| SOFTWARE DEVELOPMENT CORP, | ) | |
| GAGAN, LLC, and LAURIE GAGAN, | ) | |
|     Counterclaimants, | ) | |
| | ) | |
|           v. | ) | |
| | ) | |
| JAMES NEWMAN, | ) | |
|     Counterclaim Defendant. | ) | |

## FINDINGS, REPORT, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 636(b)(1)(B) & (C)

This matter is before the Court on Defendants' Motion for Sanctions for Destruction of Evidence [DE 96], filed by Defendants/Counterclaimants Gagan, LLC and Think Tank Software Development Corp. on October 23, 2015, and on Plaintiff/Counter-Defendant's Motion to Deem Defendants/Counterclaimants' Reply in Support of Counterclaimants' Motion for Sanctions For Destruction of Evidence Waived or Stricken [DE 115], filed by Plaintiff/Counterclaim Defendant on December 1, 2015.

On November 3, 2015, Judge Joseph S. Van Bokkelen entered an Order [DE 102] referring the instant Motion to the undersigned Magistrate Judge for a report and recommendation pursuant

to 28 U.S.C. § 636(b)(1)(B) and Northern District of Indiana Local Rule 72-1. This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C) on the Motion for Sanctions for Destruction of Evidence. The Motion to Deem Defendants/Counterclaimants' Reply in Support of Counterclaimants' Motion for Sanctions For Destruction of Evidence Waived or Stricken is not subject to the Order of Referral.

For the following reasons, the Court denies the Motion to Deem Waived or Stricken and recommends that Judge Van Bokkelen grant the Motion for Sanctions.

## PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on June 29, 2012. The allegations in the Complaint that remain pending are claims of wrongful discharge and of adverse employment action in violation of the Americans with Disabilities Act. On December 4, 2013, Defendants, with the Court's leave, filed their First Amended Answer and Counterclaim, alleging four counts against Plaintiff: (1) breach of the employment agreement, (2) breach of the confidentiality agreement, (3) conversion resulting from failure to return company property, and (4) computer trespass.

Defendants filed the instant Motion for Sanctions on October 23, 2015. Plaintiff filed a response on November 9, 2015, and Defendants filed a reply on November 19, 2015. Then, Plaintiff filed the instant Motion to Deem Waived or Stricken on December 1, 2015. Defendants filed a response on December 18, 2015, and Plaintiff filed a reply on December 28, 2015. Because the Motion to Deem Waived or Stricken concerns arguments and evidence presented in the briefing of the Motion for Sanctions, the Court will consider the Motion to Deem Waived or Stricken first.

## ANALYSIS

### A. Motion to Deem Waived or Stricken

In Defendants' reply in support of the Motion for Sanctions, Defendants argue, for the first time, that Plaintiff should be sanctioned for disposal of—instead of only for the removal of data from—the hard drive containing the OST file. In the instant Motion, Plaintiff contends that this argument should be deemed waived because it was not included in Defendants' opening brief. Generally, arguments raised for the first time in a reply brief are deemed waived. *Carter v. Tennant Co.*, 383 F.3d 673, 679 (7th Cir. 2004); *Edwards v. Honeywell, Inc.*, 960 F.2d 673, 674 (7th Cir. 1992) (finding that the district court could not rule on summary judgment on a ground raised in a reply brief because the plaintiff had an inadequate opportunity or no opportunity to respond); *McKay v. Town and Country Cadillac, Inc.*, 97 C 2102, 2002 WL 664024, *8 n. 5 (N.D. Ill. Apr. 23, 2002) (refusing to rule on an issue raised for the first time by the defendant in the reply brief when the issue was raised in the response brief by overly cautious plaintiff, because of defendant's tactics).

In the instant case, however, Defendants' failure to present the argument for sanctions due to disposal in their opening brief is easily explained. It was not until Plaintiff's response brief to the Motion for Sanctions that Defendants had notice that the hard drive that had been disposed of was the hard drive containing the OST file. Plaintiff's supplemental answer to an interrogatory lists multiple computers used by Plaintiff and indicates that Plaintiff's wife disposed of one that experienced an electrical strike or power surge. (Pl.'s Ex. 3, at 20, ECF No. 133-3). Further, at Plaintiff's deposition on May 4, 2015, Plaintiff indicated that more than one of his computers have suffered catastrophic failure, and he said he would have to see if he could retrieve the audio recordings on that computer. (Pl's Ex. 7, 307:21- 308:3; 360:15-18, ECF No. 133-7). This deposition

testimony allows an inference to be made that the hard drive containing the OST file still exists and that a different computer was discarded. Further, when Defendants requested access to the hard drive after Plaintiff's deposition, Plaintiff initially invited discussion regarding Defendants obtaining their information stored on Plaintiff's hard drives before indicating over a month later that he had wiped or deleted the hard drive that had the OST file. Plaintiff did not mention that, in addition to data removal, the hard drive had been discarded.

The argument related to disposal is raised for the first time in the Defendants' Reply because Plaintiff first made Defendants aware of the fact that the OST file was on the computer that had been discarded in his response. Unlike in *McKay*, there does not appear to be any evidence of "tactics" on the part of Defendants in not raising the issue of disposal in their opening brief. Plaintiff does not ask for leave to file a sur-reply. The Motion to Deem Waived or Stricken is denied.

### B. Motion for Sanctions

In their Motion for Sanctions, Defendants allege that Plaintiff spoliated evidence. The Defendants ask, as a result of this spoliation, that default judgment be entered in their favor on their computer trespass and conversion counterclaims or, in the alternative, that the Court bar Plaintiff from making certain defenses and that the Court instruct the jury to make adverse inferences against Plaintiff. Defendants also ask that, as a sanction, Plaintiff be ordered to pay for Defendants' attorney fees incurred in bringing the instant Motion.

This Motion was filed, and the actions upon which it is based occurred, before the 2015 amendments to the Federal Rules of Civil Procedure took effect on December 1, 2015. The previous version of Rule 37 applied only when a party violated a court order, which is not the case here. *See Malibu Media, LLC v. Tashiro*, No. 1:13-CV-205, 2015 WL 2371597, at *10 (S.D. Ind. May 18,

4

2015). The instant Motion for Sanctions is based on the Court's inherent power to sanction. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991) (finding that courts retain inherent powers not enumerated in the Federal Rules and that those powers should be used with discretion to "fashion an appropriate sanction for conduct which abuses the judicial process"). "Because these inherent powers [to sanction] are potent, they must be exercised with caution and restraint." *Schmude v. Sheahan*, 420 F.3d 645, 650 (7th Cir. 2005) (citing *Chambers*, 501 U.S. at 44). A sanction imposed under the Court's inherent authority must be proportionate to the offending party's conduct. *Montano v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008).

Plaintiff argues that the instant Motion is untimely because Defendants had known for more than one year prior to filing the instant Motion that an electrical strike or power surge deleted information from Plaintiff's computer. Though Defendants were notified of this strike or surge in October 2014, Defendants were not aware of the importance of this event until Plaintiff's deposition in May 2015 and subsequent communication between the parties regarding production of the hard drive. Through the deposition and the communication, Defendants received notice that there had been an OST file on Plaintiff's computer and that the file had been wiped or deleted from the hard drive of this computer. As discussed above in ruling on the Motion to Deem Waived or Stricken, Defendants were not aware that the hard drive with the OST file was the hard drive that suffered catastrophic failure through an electrical strike or power surge and was discarded until Plaintiff's response to the instant Motion was filed. After the close of discovery, Plaintiff's counsel stated in a July 21, 2015 letter that the OST file had been wiped or deleted. Defendants filed the instant Motion on October 23, 2015. This three-month elapse of time does not render the motion untimely.

Spoliation sanctions are appropriate when a party, having a duty to preserve evidence,

5

destroys that evidence in bad faith. *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008) A party has a duty to preserve evidence when it knows, or should have known, that litigation was imminent. *Id.* (citations omitted).

Though Defendants assert that computer "crashes" are sanctionable, this argument and the cases cited in support of it are contrary to precedential case law of the Seventh Circuit Court of Appeals. Defendants argue that the out of circuit cases they cite show that Plaintiff "would be subject to spoliation sanctions for the inadvertent loss of such highly relevant evidence" and that, as a logical result, Plaintiff's intentional actions "make[] the necessity of harsh sanctions all the more obvious." (Mot. Sanctions 20, ECF No. 96). The statement that Plaintiff would be sanctioned for inadvertent loss is directly contrary to the Seventh Circuit Court of Appeals rule that bad faith, for the purpose of a spoliation claim, requires "not the fact that the documents were destroyed but that they were destroyed for the purpose of hiding adverse information." *Norman-Nunnery v. Madison Area Tech. College*, 625 F.3d 422, 428 (7th Cir. 2010) (citing *Faas v. Sears, Roebuck & Co,*, 532 F.3d 633, 644 (7th Cir. 2008); *Trask-Morton*, 534 F.3d at 681). "Simply establishing a duty to preserve evidence or even the negligent destruction of evidence does not automatically entitle a litigant to an adverse inference instruction in this circuit." *Bracy v. Grondin*, 712 F.3d 1012, 1020 (7th Cir. 2013). The movant must show bad faith. *Id.*

The Court reminds Defendants' counsel—all of whom are admitted to practice in the state of Indiana—of their ethical obligation of candor toward the Court, as set forth in Indiana Rule of Professional Conduct 3.3.[1]

---

[1] The Court also reminds Defendants' counsel of Northern District of Indiana Local Rule 7-1(e)(2). Defendants received the Courts' permission to file an oversize brief in support of the instant Motion under Local Rule 7-1, but they did not include the issue statement that is required when filing an oversize brief. Further, the required table of authorities, though properly included, is missing several authorities that were cited in the brief, and there are many errors in the page

Regarding Plaintiff's duty to preserve evidence, Plaintiff should have known that litigation was imminent as to the counterclaims no later than September 30, 2013, the date on which Defendants filed their Motion for Leave to File First Amended Answer and Counterclaim. Plaintiff indicated in his Response to the Motion for Sanctions that the computer in question suffered a catastrophic failure due to a power surge or electrical strike during 2014. This failure was the reason given for the hard drive being wiped, deleted, and discarded, so these actions were taken after Plaintiff's duty arose.

Regarding bad faith, the movant bears the burden of showing that evidence was destroyed in bad faith. *Bracy*, 712 F.3d at 1019. Courts look to the facts surrounding the destruction of the evidence to determine whether the destruction was in bad faith. *Wiginton v. Ellis*, No. 02-C-6832, 2003 WL 22439865, at *7 (N.D. Ill. Oct. 27, 2003) (quoting *S.C. Johnson & Son, Inc.*, 695 F.2d 253, 259 (7th Cir. 1982). "[T]he Court assumes that, as with any other fact, intentional destruction and bad faith may be proved inferentially and with circumstantial evidence." *In re Text Messaging Antitrust Litigation*, 46 F. Supp. 3d. 788, 789 (N.D. Ill. 2014)

On July 19, 2011, Plaintiff, through counsel, sent a letter to Defendants regarding Defendants' duty to preserve evidence. This letter, which was copied to Plaintiff personally, specifically mentioned that data storage devices that had suffered failure should not be discarded. The letter further clarified that the data to be preserved includes not just active data but also archival, backup, and residual data. Randy Ozdyck, the Chief Technologist of Think Tank Software Development Corporation, declared under penalty of perjury that some or all data can often be recovered from hard drives that have failed due to power surge or electrical strike and that a

---

references.

specialist might be able to determine how the hard drive was damaged even if no data is recoverable.

At Plaintiff's deposition in May 2015, Plaintiff admitted to retaining every email that he sent or received while he was employed by Gagan, LLC. Plaintiff stated that he created a copy of the emails by accessing and decoding an OST file on his computer. Plaintiff explained that "it takes somebody with computer knowledge to get access to the [OST] file on their hard drive and use the appropriate software to decode it." (Pl.'s Ex. 7, 305:13-16, ECF No. 133-7). From these facts, the Court finds that Plaintiff had knowledge that there potentially was discoverable data still on Plaintiff's computer when it was disposed of, as evidenced by Plaintiff's computer knowledge and notice that archival, backup, and residual data are potentially discoverable.

Further, Plaintiff sent an email in April 2011 in which he wrote that he keeps all of his emails and that they are stored not only on Gagan, LLC's email server. Ozdyck declared that company employees were to access company email from outside devices through Outlook Web Access, which would not create an OST file on Plaintiff's personal computer, that is, accessing email in a manner compliant with company policy would not lead to copies of email being downloaded to a personal computer. Ozdyck stated that, if he had access to Plaintiff's computer, he could potentially determine how the emails were downloaded onto Plaintiff's computer. Without the computer, however, Ozdyck said he is unable to confirm or deny Plaintiff's statement about the OST file causing a local copy of company email to be stored on Plaintiff's computer. From these facts and Plaintiff's admission of having an OST file on the discarded computer hard drive, the Court finds that Plaintiff had reason to believe that the information on his failed hard drive would be adverse to him regarding the Counterclaims.

Regarding destruction of the evidence, Defendants identify a statement by Plaintiff's counsel

that Plaintiff "wiped/deleted Defendants' electronic information from [Plaintiff's] personal computers." (Mot. Sanctions Ex. K, at 1, ECF No. 97-11). Plaintiff, in his response to the instant Motion, focuses on his assertion that an electrical strike or power surge caused the wiping or deletion of hard drive files, notes that Plaintiff has never testified under oath that he intentionally wiped or deleted the data, and makes many statements in the passive voice, but Plaintiff never asserts that he did not intentionally wipe or delete the data. Though Plaintiff contends that there is no evidence that Plaintiff intentionally destroyed the data, Plaintiff's counsel's statement in the letter noted above refutes that contention.[2]

Defendants also present evidence of the disposal of the computer as evidence of spoliation. Here, the record indicates that Stephy Newman, Plaintiff's wife, disposed of the computer. This is of limited use, however, because Plaintiff may have been complicit in the disposal or may have initiated the disposal without completing the physical act of disposal. Plaintiff does not argue that he is not responsible for the hard drive's destruction because it was his wife, and not him, that did the physical act of disposing the computer or that the disposal was done without his knowledge or consent. Plaintiff's argument is that the evidence is not destroyed because he preserved Defendants' data in the form of the backup disc containing the decoded emails. Plaintiff misses the point. The decoded emails are not the only discoverable data Defendants wanted from the hard drive. The OST file and other data potentially on the hard drive would have been evidence relevant to Defendants' counterclaims because the data could have shown how Plaintiff came to have the emails. The Court finds that Plaintiff is responsible for the destruction of the evidence through the deletion of data and allowing the computer to be destroyed.

---

[2]Lest any objection be made to this statement on hearsay grounds, the Court notes that it falls under the hearsay exception for statements by an opposing party pursuant to Federal Rule of Evidence 801(2)(C).

Still, destruction of evidence with knowledge of adverse information is not enough. The Court must find that Plaintiff destroyed the evidence with the intent of hiding the adverse information.

Some of the evidence regarding the evidence's destruction does not clearly support either a finding of bad faith or a finding of no bad faith. Courts can infer bad faith from the timing of the destruction of evidence. *Malibu Media, LLC*, 2015 WL 2371597, at *16. Here, the destruction of evidence occurred after Plaintiff had knowledge that the evidence was relevant to Defendants' counterclaims, but, the destruction—or at least, the disposal—did not occur until several months after the counterclaim was filed. The specific timing of the wiping or deletion of data from the hard drive is unknown. This situation is unlike the facts of *Malibu Media*, where the destruction occurred the night before the hard drive at issue was turned over in discovery. *Id.* The Court finds the evidence of the timing does not clearly point to a conclusion regarding Plaintiff's intent.

Further, Plaintiff did not hide the disposal of the computer from Defendants. He properly supplemented his discovery responses to indicate the disposal of the computer. However, Plaintiff had not yet presented his OST file defense to the counterclaims and did not do so for another few months. Once this OST file defense arose and Defendants requested inspection of the hard drive, Plaintiff was slow to admit that the hard drive had been wiped—taking over a month and multiple correspondences to do so—and did not admit that the hard drive had been disposed of until the briefing of the instant Motion. This conflicting evidence of both disclosing and hiding information does not plainly lead to a specific finding regarding bad faith.

Other evidence more clearly suggests Plaintiff's actions were in bad faith. Early in the present litigation, Plaintiff sent a letter to Defendants setting forth the preservation obligations he

10

expected Defendants to abide by regarding data retention. This letter indicated that Defendants should not dispose of any data storage devices that had been replaced due to failure and that no potentially discoverable data should be deleted or modified. Plaintiff's actions are not in accordance with the obligations he expected Defendants to honor.

Next, Plaintiff's deposition testimony shows that he had the computer knowledge necessary to find and decode an OST file to reconstruct his email messages. This reconstruction was completed before the evidence was destroyed, so the destruction was made while having the knowledge that this OST file was on the hard drive. Plaintiff's computer knowledge also likely led him to know what sort of data could be found on or recovered from the hard drive and what this data would show regarding Defendants' counterclaims.

By a preponderance of the evidence, the Court finds that Plaintiff destroyed the evidence with the purpose of hiding adverse information. Coupling this finding with the finding that the actions occurred after Plaintiff's duty to preserve evidence had arisen, the Court finds that Plaintiff spoliated evidence in bad faith.

Plaintiff argues that he should not be sanctioned because Defendants are not harmed by his actions. In support, Plaintiff argues that, because he made a backup copy of the data, Defendants are not harmed. The Court disagrees and finds that Defendants are prejudiced by Plaintiff's spoliation. Defendants have provided evidence of harm in the form of Ozdyck's declaration, which indicates potential forms of evidence that were likely on the hard drive and that Defendants cannot recover because the hard drive was discarded and data was deleted. Defendants do not have the opportunity to verify that the hard drive suffered an electrical strike or power surge, and they cannot verify that the emails were stored in and decoded from an OST file. They also cannot determine whether

Plaintiff set up his email account to download all emails to his computer.

Though the rule in the Seventh Circuit Court of Appeals has been that a court must find by clear and convincing evidence that spoliation of evidence occurred to support an order of default judgment as a discovery sanction, *see Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003), subsequent decisions have called into question—though not altered—that standard. *See Negrete v. Nat'l R.R. Passenger Corp.*, 547 F.3d 721, 724 n.1 (7th Cir. 2008); *Wade v. Soo Line R.R. Corp*, F.3d 559, 564 (7th Cir. 2007). Though a preponderance of the evidence shows that Plaintiff spoliated discoverable material, the evidence does not rise to the level of being clear and convincing. Even if default judgment is available as a sanction here, however, the Court finds that it is not proportionate to Plaintiff's actions. *Cf. Rodgers v. Lowe's Home Ctrs., Inc.*, No. 05 C 502, 2007 WL 257714, at *1 (N.D. Ill. Jan. 30, 2007) ("Spoliation of evidence sometimes permits, but rarely if ever requires, the peremptory sanction of entry of default judgment.")

However, less severe discovery sanctions are available. As an alternative to default judgment, Defendants ask that the Court impose sanctions of (1) an instruction that the jury should infer that the evidence on Plaintiff's personal devices would have supported Defendants' claims that Plaintiff improperly accessed, took, and used Defendants' documents without authorization or consent, (2) a prohibition on Plaintiff presenting any defense based on a claim that he did not have Defendants' documents on any personal device at the time the hard drives were wiped or the records were deleted, (3) a prohibition on Plaintiff presenting any defense based on a claim that his computer automatically downloaded all of Defendants' records via Outlook and created an OST file on Plaintiff's hard drive that he later decoded, and (4) an award of attorneys' fees and costs incurred in bringing the instant Motion.

Bearing in mind that sanctions should be proportionate to the violation, the Court recommends a modification of the requested jury instruction. Specifically, the Court recommends that the jurors be instructed that they *may* infer that the evidence on Plaintiff's personal devices would have supported Defendants' claims that Plaintiff improperly accessed, took, and used Defendants' documents without authorization or consent. The Court also recommends that Plaintiff be barred from presenting any defense based on a claim that he did not have Defendants' documents on any personal device at the time the hard drives were wiped or the records were deleted. The Court finds these sanctions to be proportionate to Plaintiff's conduct and in balance with Plaintiff's fault, the prejudice to Defendants, and the other discovery and evidence that Defendants have already obtained in this litigation. With these same factors in mind, the Court recommends not imposing a sanction barring Plaintiff from presenting a defense regarding automatic downloading of records, as such a sanction would be disproportionate.

Defendants also ask for an award of their attorney fees incurred in bringing the instant Motion. This Motion is not brought under a rule, such as Federal Rule of Civil Procedure 27(b)(2)(C), that, in most cases, mandates an award of reasonable expenses if a motion is granted. Further, the Court notes that, if these actions had taken place after the 2015 amendments to Rule 37 took effect, the new language in Rule 37(e) regarding failure to preserve electronically stored information does not specifically list attorneys fees as an available sanction. Bearing in mind the sanctions already recommended and that the Court's inherent authority to sanction should be used with caution and restraint, the Court recommends that the sanction of an award of attorney fees not be ordered.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Judge Van Bokkelen grant the Defendants' Motion for Sanctions for Destruction of Evidence [DE 96]. The Court recommends that the sanctions described above, namely a jury instruction and a barred defense, be imposed.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

The Court hereby **DENIES** the Plaintiff/Counter-Defendant's Motion to Deem Defendants/Counterclaimants' Reply in Support of Counterclaimants' Motion for Sanctions For Destruction of Evidence Waived or Stricken [DE 115].

SO ORDERED this 10th day of May, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT