# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

JAMES NEWMAN,

    Plaintiff,

    v.

GAGAN, LLC, *et al.*,

    Defendants.

Case No.: 2:12-CV-248-JVB-PRC

## OPINION AND ORDER

Pursuant to referral (DE 102), Magistrate Judge Paul R. Cherry issued his thorough and well-reasoned Findings, Report, and Recommendation (DE 156) on May 10, 2016, regarding Defendants' motion for sanctions for destruction of evidence (DE 96).

On May 27, 2016, Defendants objected. (Objection, DE 159.) Plaintiff responded by arguing that Defendants filed the objection three days after the 14-day deadline, and therefore waived their arguments. (Resp., DE 160.)

Plaintiff is mistaken about Defendants' deadline. The Findings, Report, and Recommendation, and the applicable law, state that a party has 14 days to file objections. (DE 156, citing 28 U.S.C. § 636(b)(1).) *See also* FED. R. CIV. P. 72. But Rule 6(d), coupled with Rule 5(b)(2)(E), adds three days to this deadline. Ergo, Defendants' objection on the 17th day is timely.

Accordingly, this Court makes a *de novo* determination of the contested portions of the Findings, Report, and Recommendation. This Court agrees with the reasoning and conclusions of the Findings, Report, and Recommendation, and therefore adopts it.

The Court GRANTS Defendants' motion for sanctions for destruction of evidence (DE 96) in part and denies it in part. The Court OVERRULES Defendants' objections (DE 159).

The Court ORDERS that the jurors may be instructed that they *may* infer that the evidence on Plaintiff's personal devices would have supported Defendants' claims that Plaintiff improperly accessed, took, and used Defendants' documents without authorization or consent. The Court BARS Plaintiff from presenting any defense based on a claim that he did not have Defendants' documents on any personal device at the time the hard drives were wiped or the records were deleted.

The Court declines to bar Plaintiff from presenting a defense regarding automatic downloading of records. The Court declines to award attorney's fees to Defendants. The Court declines to grant Defendants a default judgment.

The Court directs the clerk to remove the pending status of the following: Defendants' motion for sanctions (DE 96); Findings, Report, and Recommendation (DE 156); and Defendants' objection (DE 159).

**SO ORDERED** on September 7, 2016.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
